In Re: Appeal of E & G Auto Parts From Order of the St. Marys Borough Zoning Hearing Board. The Borough of St. Marys, Appellant.

In Re: Appeal of E & G Auto Parts From Order of the St. Marys Borough Zoning Hearing Board. The Borough of St. Marys, Appellant.

Argued October 29, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Gordon J. Daghir,* with him *Houston & Daghir,* for appellant.

*Norbert J. Pontzer,* with him *Pontzer & Pontzer,* for appellee.

OPINION BY JUDGE WILKINSON, December 4, 1975:

To avoid the necessity for a long recital of the procedural steps that were taken in this relatively simple zoning appeal requiring three opinions of the court below, we will pose the controlling legal question as it was presented by appellant in its brief:

> "Can a non-conforming use expand and extend onto adjoining land (1) that was not used for such non-conforming use at the time of the applicable zoning ordinance involved; and (2) was acquired, by option only, subsequent to the adoption of the ordinance, when a portion of that land to be expanded upon was also a non-conforming use, but of a different nature, at the time of the adoption of the ordinance?"[1]

The lower court answered this question in the affirmative. We must affirm.

It is clear that on the adjoining lots here involved, nonconforming uses have been conducted for a number of years—one as a bakery and antique shop, and the other as a wholesale-retail outlet for auto parts. Recently, perhaps six years ago, appellee leased what had originally been a bakery and what was then an antique shop and has been using it as a facility in its wholesale-retail auto parts business. Appellee obtained an option on the bakery-antique shop lot and has applied for a building permit

---

1. Throughout the presentation of the case in the court below and in the court's opinion, references were made to granting a variance. No such issue is presented here. Under the zoning ordinance here involved, building permits involving nonconforming use proceed by special exception under Section 1008.

to enlarge the building on its own lot to increase its facility for storing auto parts, to demolish the bakery-antique shop, and to place a parking area to accommodate six vehicles on the lot formerly occupied by the bakery-antique shop.

It might greatly simplify the question to point out that it seems clear that had the lots remained in separate ownership and had appellee applied merely to enlarge its building on its original lot, and had the owner of the bakery-antique shop lot applied to demolish it and place a parking area thereon, each would have been clearly entitled to the building permit. Appellee would have been entitled to enlarge its building because it is a normal expansion of a nonconforming use, and the owner of the bakery-antique shop lot would have been entitled to a permit, being in compliance with the express provision of Section 1008-5 of the zoning ordinance in that it would be changing from an existing nonconforming use to a higher or equal use. The lower court so found after taking testimony and its findings are binding on this Court when supported by proper evidence as they are here. The lower court also found, upon proper evidence, that there never had been a one-year period of nonuser that would have worked a forfeiture of the nonconforming use under Section 1008-3.

In a nutshell, appellee is not expanding and extending a nonconforming use on its lot to the adjoining bakery-antique shop lot it has under option. Rather, it is acquiring the adjoining lot and taking advantage of those nonconforming uses that are available to that lot under the ordinance. Nonconforming uses fix themselves to the land and not to the owner. *Jackson v. Pottstown Zoning Board of Adjustment*, 426 Pa. 534, 233 A.2d 252 (1967); *Eitnier v. Kreitz Corporation*, 404 Pa. 406, 172 A.2d 320 (1961).

Our review of the record leads us to agree with the court below that the concern of the appellant is not in

the immediate use for which these permits are being sought. There is no evidence that the nonconforming use is being expanded. Rather, the evidence is that it is being rearranged to more adequately accommodate the existing customers. The cause for concern appears to be a fear that in the future, with this "nose of the camel in the tent," the nonconforming use on the lot being acquired will be vastly expanded. As indicated by Judge GREINER, the lower court and this Court can deal only with the matter before us and not what might occur in the future. If and when the nonconforming use is to be expanded, and the appellee testified that it had no intention to do so, it will have to obtain a permit and the matter can be considered in the light of the law at that time.

Affirmed.