Carmen J. Calvanese et al. *v.* Zoning Board of Adjustment et al. Castor Avenue Civic Association, Appellant.

Carmen J. Calvanese et al. *v.* Zoning Board of Adjustment et al. City of Philadelphia, Appellant.

Argued April 9, 1980, before President Judge CRUMLISH and Judges CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Irvin Stander,* with him *Henry J. Lotto,* for appellant.

*Joseph C. Vignola,* with him *Ronald H. Beifeld,* Assistant City Solicitor, for appellee.

OPINION BY JUDGE CRAIG, May 6, 1980:

The Zoning Board of Adjustment of Philadelphia (board) and the Castor Avenue Civic Association (intervenor) seek relief from an order of the Court of Common Pleas of Philadelphia County which sustained the appeal of Carmen J. Calvanese (developer) from a decision of the board which had revoked developer's building permits.

Developer, in February, 1978, had bought a vacant piece of property in Philadelphia from Bell Telephone Company (Bell). The property is zoned C-2 Commercial, but surrounded by property zoned R-5 Residential. Before 1957, developer's property also had been zoned residential. Bell, in 1957, by allegedly making an oral promise to Rhawnhurst Community Council (Bell's residential neighbors and intervenor's predecessor) to build only a two-story office building to house Bell's accounting department on the property, succeeded in obtaining enactment of an ordinance which rezoned the property to its present C-2 Commercial status. However, the ordinance itself did not contain any limitation of Bell's use of the property, other than that provided by the C-2 Commercial District provisions, which allow retail stores as well as offices.

Bell never constructed a building on the property. However, after buying the property from Bell, developer secured from the City of Philadelphia's Department of Licenses and Inspections (city department) building permits to construct a complex of twenty-four retail stores and also twenty-four one-family dwellings on the property. Construction activity did not commence until shortly after February 15, 1978.

Intervenor appealed developer's permits to the board. After hearing testimony on the matter, the board sustained intervenor's appeal and revoked developer's building permits. The board reasoned that revocation of the permits was appropriate because city, when it issued the permits, was unaware of Bell's 1957 representations as to limitation of development.

Developer appealed the board's decision to the Common Pleas Court of Philadelphia County. That court held that the board had abused its discretion by revoking developer's permits because developer's proposed uses are permitted in a C-2 Commercial district.

Intervenor now contends that the 1957 ordinance, which rezoned the property from residential to commercial, was spot zoning and is therefore invalid; intervenor did not raise that issue below. We have held that matters not raised in the tribunal below cannot be considered upon appeal, even though a constitutional question might be involved. *Richland Township v. Hellerman,* 30 Pa. Commonwealth Ct. 438, 373 A.2d 1367 (1977). In a zoning case in which the court below heard no additional testimony, as in the present case, our review is limited to a determination of whether the board abused its discretion or committed an error of law, which we cannot do with regard to an issue which was never presented to the board or considered by the lower court. *See Bamash v. Zoning Board of Adjustment,* 11 Pa. Commonwealth Ct. 420, 313 A.2d

370 (1974). There, although the constitutional issue involved was not raised before the board, it was part of petitioner's petition to the lower court. However, the lower court failed to consider it. Thus, this court remanded the case to the lower court for the purpose of allowing it to consider the issue.

Also distinguishable is *Schubach v. Silver*, 9 Pa. Commonwealth Ct. 152, 305 A.2d 896 (1973), in which the rezoning was itself invalid as spot zoning, and *Wood v. Goldvarg*, 365 Pa. 92, 74 A.2d 100 (1950), which held that equity could have jurisdiction to enforce a contractual commitment between the objecting neighbors and the developer who proposed to build. The present case, a zoning administration proceeding in which the zoning classification is not under attack, and in which the contending parties are not in privity of contract, is quite different.

Thus the only question is whether the zoning board is the proper forum in which to seek redress for breach of an alleged oral restrictive covenant or equitable servitude. We hold that it is not. Zoning laws are enacted under the police power, and they have no concern whatever with building or use restrictions which are created merely by private contracts. *Michener Appeal*, 382 Pa. 401, 115 A.2d 367 (1955). Here, the property in issue was rezoned without limitations or conditions or restrictive covenants in the ordinance. Therefore, if there were any covenants breached, they were purely private in nature. The proper forum to redress such breaches is not the board.

Morover, there is no evidence in the record which indicates a fraud was perpetrated. Neither the board nor intervenor suggest that Bell ever intended to build anything other than a two-story office building. Thus, this case is close to *Pittsburgh v. Oakhouse Associates*, 8 Pa. Commonwealth Ct. 349, 301 A.2d 387 (1973). There this court held that the intentions as to the na-

ture of the structure to be built could legitimately be changed; that case also involved a change in ownership, a factor which was not crucial.

Therefore, we hold that the board erred as a matter of law in revoking developer's building permits on a basis unrelated to its zoning administration jurisdiction.

Accordingly, we affirm the decision of the court below.

ORDER

AND Now, this 6th day of May, 1980, the July 11, 1978 order of the Philadelphia County Court of Common Pleas is affirmed.