County of Fayette, Appellant *v.* Raymond E. Cossell and Charlotte Cossell, his wife, and Robert E. Cossell, Jr. and Ruth Ann Cossell, his wife, Appellees.

County of Fayette, Appellant *v.* Raymond E. Cossell and Charlotte Cossell, his wife, and Robert E. Cossell, Jr. and Ruth Ann Cossell, his wife, Appellees.

Argued May 6, 1981, before Judges CRAIG, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Philip T. Warman,* for appellant.

*Murray I. Horewitz,* with him *Thomas A. Bowlen,* for appellees.

OPINION BY JUDGE CRAIG, June 25, 1981:

The County of Fayette (county) appeals from a decision of the Fayette County Court of Common Pleas affirming a chancellor's order dismissing the county's complaint in equity which sought an injunction against the operation of an automobile recycling center by appellees, the Cossells, on their property.

In January, 1978, the Cossells purchased the property involved. Under the Fayette County Zoning Ordinance, which became effective on October 16, 1968, the property is located in an M-1 Light Industrial Zone. Operation of an automobile recycling (junk) business is a forbidden use in an M-1 district, but the Cossells have been operating that business on the premises.

The chancellor found that, from a period predating the zoning ordinance until the Cossells purchased the property, Mr. Rose, an adjacent landowner,

had used 40% of the land at issue to store junked automobiles. Although Mr. Rose did not have a lease or any other formal permission from the Cossells' predecessor in title to use the property to store junked vehicles, the trial court held that Mr. Rose's use of the property established a nonconforming use in the nature of an auto junkyard which the Cossells had a right to continue.

The Fayette County Zoning Ordinance defines nonconforming use as "any lawful use of a building or land existing at the effective date of adoption or amendment of this ordinance and which does not conform to the regulations of the district in which it is situated." We note the phrase "lawful use" in that definition.

The county contends that Mr. Rose's encroachment could not be used to establish a nonconforming use because it was trespassing and hence unlawful in that respect. We cannot agree.

Zoning regulations "concern the physical use to which the land is put." *See Sears Roebuck and Co. v. Power,* 390 Pa. 206, 134 A.2d 659 (1957) (holding sales law concepts not to be relevant to zoning). Zoning laws, enactments under the police power, are not concerned with method of ownership of property. *See Kaufman and Broad, Inc. v. Board of Supervisors of West Whiteland Township,* 20 Pa. Commonwealth Ct. 116, 340 A.2d 909 (1975) (holding the condominium form to be a method of ownership, and not a proper subject of zoning). Zoning ordinances regulate usage; if a use is permitted, a municipality may not regulate the manner of ownership of the legal estate. *See Goldstein v. Upper Merion Township,* 44 Pa. Commonwealth Ct. 201, 403 A.2d 211 (1979) (holding that the exercise of an option is irrelevant to zoning).

Here the county does not contend, nor does the record indicate, that storage of junked automobiles on

the property was unlawful as an activity or land use before the zoning ordinance became effective. In the case before us, the only unlawful aspect was Mr. Rose's possession of the property without the owner's permission.

Zoning law has no application to the resolution of disputes between private parties over real estate interests. Our Supreme Court and this court have enunciated that principle in analogous cases holding that zoning status is unaffected by building and use restrictions created by private contract, and, if they are violated, the remedy is enforcement of the restrictions in a court by the persons entitled to enforcement, not by way of zoning proceedings. *In Re Yocum,* 393 Pa. 148, 141 A.2d 601 (1958) (building restrictions irrelevant to expansion of nonconforming use); *In Re Michener,* 382 Pa. 401, 115 A.2d 367 (1955) (building restrictions irrelevant to variance); and *Calvanese v. Zoning Board of Adjustment,* 51 Pa. Commonwealth Ct. 152, 414 A.2d 406 (1980) (restrictions no basis for zoning hearing board jurisdiction). Therefore, we hold that the existence of a nonconforming use is not affected by the user's title or possessory rights in relation to the owner of the land.

Consequently, we are convinced by the record before us that a nonconforming junkyard use exists as to the property. Once a nonconforming use has been established, it runs with the land and the continued right so to use the land is not confined to any one individual. *Eitnier v. Kreitz Corp.,* 404 Pa. 406, 172 A.2d 320 (1961). *See also In Re E & G Auto Parts,* 22 Pa. Commonwealth Ct. 171, 348 A.2d 438 (1975).

Because the zoning ordinance here involved does not provide any administrative means by which the validity of the basic existence of a nonconforming use can be determined, the lower court was correct in permitting the appellees to raise the defense of noncon-

forming use in the equity action. *See Township of Millcreek v. Hurst,* 27 Pa. Commonwealth Ct. 85, 365 A.2d 895 (1976).

However, the county raises a second issue, the claim that any right which the Cossells may have to expand the junkyard, beyond the scope operated by Mr. Rose before the ordinance, cannot be raised in this equity case to bar issuance of an injunction *against the expanded portion.*

The county's legal premise is well taken. In an equity action to enjoin an alleged zoning violation, legal nonconforming use status may be established as a defense only to the extent that a zoning administrative procedure is unavailable. *Township of Honey Brook v. Alenovitz,* 430 Pa. 614, 243 A.2d 330 (1968). Here Section 603(b) of the ordinance requires a zoning hearing board proceeding before ''[a]n existing non-conforming use which occupies only a portion of an existing building or premises may be extended throughout such building or premises.'' Hence, the Cossells' validation of an expansion, if any, must be pursued under that ordinance section and not by way of defense here.

Although the trial court adopted a legal conclusion that the Cossells' operation of the recycling center constituted a ''natural expansion'' of the junkyard use, our examination of the record reveals several possible interpretations of the evidence as to whether Mr. Rose's use included all of the real estate currently used by the Cossells as part of their recycling center. Because the trial court made no finding of fact upon the scope of the present use, in relation to the use which antedated zoning, we cannot resolve the county's second issue.

Consequently, we must remand this case to the trial court for the purpose of making a finding on the issue of whether or not the county has sustained its burden

of proving that the use was expanded beyond its scope in October, 1968. To the extent that the trial court finds such a showing of an expansion in terms of area covered or buildings used, the added extent of the use is subject to being enjoined in this proceeding, with the Cossells being free to pursue the administrative remedy to seek possible approval of that increment by the zoning hearing board under the ordinance.

Accordingly, the decision of the trial court is affirmed insofar as it has refused an injunction against the nonconforming use as it existed when the zoning prohibition took effect, and it is otherwise reversed and this case is remanded for further proceedings consistent with this opinion.

### ORDER

AND Now, June 25, 1981, the April 21, 1981 order of the Fayette County Court of Common Pleas is affirmed insofar as it has refused an injunction against the nonconforming use as it existed October 16, 1968, and it is otherwise reversed and this case remanded for further proceedings in accordance with the foregoing opinion.