519 A.2d 1093

D. E. Street, Inc. and Dennis Street, Appellants *v.* Zoning Hearing Board of the Borough of West York and Carol Feeser, Appellees.

Argued September 11, 1986, before Judges CRAIG and COLINS and PALLADINO, sitting as a panel of three.

*Daniel L. Carn, Carn & Vaughn,* for appellants.

*John W. Stitt, Stitt and Stitt,* for intervenor, Carol Feeser.

OPINION BY JUDGE PALLADINO, January 9, 1987:

Dennis Street (Appellant) appeals from an order of the York County Court of Common Pleas affirming a de-

cision of the Zoning Hearing Board of the Borough of West York (Board) which found that Appellant's use of the premises at 1046 West Market Street exceeded the scope of the permitted office use. We reverse.

Appellant is a roofing and siding contractor. In the spring of 1984 he sought and was given oral permission to use the first floor of his property at 1046 West Market Street as an office by the West York zoning officer. This property was located in a C-Commercial District.[1] Section 7.02B of the West York's Zoning Ordinance lists "office" as a permitted use in this district and Section 10.07B.3[2] requires one off-street parking space for each 400 square feet of office floor area, which Appellant provided.

During December 1984, Appellant began parking his business vehicles on South Dewey Street, a public

---

[1] A C-Commercial District is not defined in the Zoning Ordinance. Section 7.02 contains the following permitted uses:

A. Apartment house or apartment dwelling combined with a business use.

B. Office, studio, bank or similar use.

C. Personal service shops such as barber, beauty, tailor, shoe repair or similar shops.

D. Retail shops such as bakery, confectionery, photographic, plumbing, electrical, dairy, printing, dry cleaning, radio repair, upholstery or similar shop for the production, processing or repair of articles.

E. Theatre, auditorium, assembly hall.

F. Motor vehicle sales room, parking lot, but not a truck terminal which is specifically prohibited in C-Commerical Districts.

[2] Article X of the Zoning Ordinance is entitled "Supplementary Regulations." The introduction to this article provides that "[t]he provisions of this Ordinance shall be subject to such exceptions, additions or modifications as herein provided by the following Supplementary Regulations." Section 10.07 lists minimum required parking spaces, deemed necessary to provide adequate space for off-street parking of motor vehicles, for many of the permitted uses in each district.

street, without metered spaces, adjacent to his property. Complaints were made to the zoning officer about this practice. At the February 18, 1985 meeting of the West York Borough Council, neighboring property owners appeared to complain about Appellant's vehicles being continually parked on South Dewey Street. It was at this meeting that Appellant's permit to use his property as an office was made known to the public.

On February 21, 1985 Carol Feeser (Intervenor) challenged the validity of Appellant's use of his property. A hearing on the challenge was held at which Appellant contested Intervenor's standing to challenge and the timeliness of the challenge.

The Board concluded that Intervenor had standing and that her challenge was timely. On the validity of Appellant's use, the Board found that Appellant's parking of his business vehicles on South Dewey Street exceeded the permitted office use. The Board concluded that Appellant's use had evolved into that of a special trade contractor, a use not permitted in a C-Commercial District.[3] Appellant appealed the Board's decision to the Court of Common Pleas of York County, which affirmed the Board's decision. An appeal to this Court followed.

Appellant here raises the same issues of standing and timeliness, as to the Intervenor, and the validity of the decision that he had exceeded the scope of the office use permitted within a C-Commercial District.

Our scope of review, when the trial court takes no additional evidence, is limited to determining whether the Board's findings of fact are supported by substantial evidence, the Board abused its discretion or committed

---

[3] A special trade contractor use is permitted in a Limited Industrial District under Section 8.02A of the Zoning Ordinance. Section 7.02K states that permitted uses in a Limited Industrial District are conditional uses in a C-Commercial District.

an error of law. *Johnson v. Zoning Hearing Board of Richland Township,* 95 Pa. Commonwealth Ct. 82, 503 A.2d 1117 (1986). We will first address Appellant's arguments concerning the propriety of Intervenor's challenge and then consider his contentions with respect to the Board's determination that he exceeded the scope of the permitted office use.

As to standing, Section 1007 of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11007, gives standing to challenge a use permitted on the land of another to persons aggrieved by the use. In order to be a person aggrieved, the person must have a direct interest that is adversely affected by the action sought to be challenged. *Mosside Associates, Ltd. v. Zoning Hearing Board of the Municipality of Monroeville,* 70 Pa. Commonwealth Ct. 555, 454 A.2d 199 (1982). Intervenor resides across the street from Appellant's property and the lack of parking created by Appellant's use of the public parking spaces has a direct and adverse impact on Intervenor's use of her property. She has standing to challenge his use.

On the timeliness issue Appellant contends that Intervenor has been aware that he was conducting a business at his property since the spring of 1984 and, therefore, her challenge on February 18, 1985 was not made within the thirty days mandated by Section 915 of the Code, 53 P.S. §10915. However, the record contains substantial evidence to support the Board's finding that Intervenor did not have knowledge of Appellant's permit to use his property as an office until the February 18, 1985 hearing. Her challenge on February 21, 1985 was therefore timely.

As to whether a permitted use has been exceeded, it is first necessary to interpret what the permitted use allows. *Barnhart v. Zoning Hearing Board of Notting-*

*ham Township*, 49 Pa. Commonwealth Ct. 481, 411 A.2d 1266 (1980). "Office" is not defined in the Zoning Ordinance, but the Board accepted Appellant's definition of an office as the "building, room, series of rooms in which the affairs of a business are carried on." *Board's Conclusions*, No. 3.c.

Here the Board found that Appellant was using his property as an office. *Board's Findings of Fact*, Nos. 2, 4, 14. However, the Board determined that, after Appellant began parking his business vehicles on the public street, his activities, in addition to the permitted office use, included "the marshalling, storage, and dispatching of a 'fleet' of construction vehicles on, about, or from the site of a business facility." *Board's Conclusions*, No. 3.d. These activities, according to the Board, were in excess of an office use and constituted a special trade contractor use. *Id.* at 3.d. (iii).

Special trade contractor is not defined in the Zoning Ordinance.[4] However, it is not necessary for us to determine whether these activities fall within the definition of a special trade contractor because the Board's findings of fact do not support a conclusion that marshalling, storage and dispatching were occurring.[5]

---

[4] Section 8.02 of the Ordinance states that a special trade contractor use is permitted "providing that all materials and storage are completely enclosed within a building or similar use."

[5] The Board's relevant findings of fact are as follows (emphasis added):.

8. At the hearing, the testimony . . . , supported by photographs introduced by the Appellant [Intervenor], established the following pattern which developed between the 1st of the year and the February 18th meeting of Borough Council:

a. Trucks, as many as six, with lettering identifying them as trucks of the Owner/Occupant, D. E. Street, Inc., were being regularly parked along both sides of the first block of South Dewey Street, all night and on weekends. . . .

Therefore, the Board's conclusion that Appellant's use was that of a special trade contractor was unreasonable and constitutes an abuse of discretion. *See Isaacson v. Flanagan*, 74 Pa. Commonwealth Ct. 564, 460 A.2d 884 (1983).

It is clear from the record, and Appellant does not dispute, that Appellant was parking business vehicles on a public street all night and on weekends, making it difficult for other residents of the area to find parking. This, in and of itself, is not sufficient to constitute a violation of a permitted use. The use of the property itself must exceed that of an office. The record contains no evidence that Appellant was doing other than conducting the affairs of his business. Intervenor is attempting to use a zoning ordinance to remedy a parking problem

---

b.   During weekday morning hours, that is, between approximately 6:00 AM and 8:30 or 9:00 AM persons identified or claimed to be employees of D. E. Street, Inc., would appear driving their private vehicles, would park those vehicles on Dewey Street, sometimes in spaces occupied by company trucks, and would then leave with the company truck for the day. Some of those persons, on some occasions, walked toward the corner and front entrance of the D. E. Street office, *but witnesses could not state whether those persons entered the company office.*

c.   During the later afternoon hours, that is, after 4 or 4:30 PM, the persons identified, or claimed to be employees of D. E. Street, would return with company vehicles, would park them along Dewey Street, and would leave in their private vehicles for the night.

d.   The Appellant and her witnesses testified to *occasional* removal of items identified *or suspected* to be construction materials from the two-car garage at the rear of the D. E. Street property.

12.   D. E. Street, Inc., maintains a warehouse facility within the City of York for the storage of building supplies, which facility is not in near proximity to the office facility in question.

which is adversely impacting on her use of her residence. A zoning ordinance cannot be used to cure a parking problem on a public street.

Accordingly, we reverse.

## ORDER

AND NOW, January 9, 1987, the order of the York County Court of Common Pleas, in the above-captioned matter, is reversed.