**BOROUGH OF BRADDOCK, Appellant,**

v.

**ALLEGHENY COUNTY PLANNING DEPARTMENT and Union Railroad Company.**

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1996.

Decided Dec. 16, 1996.

Reargument Denied Feb. 7, 1997.

M. Lawrence Shields, III, West Mifflin, for appellant.

George M. Janockso, Pittsburgh, for appellee, Allegheny County Planning Department.

Joel P. Aaronson, Pittsburgh, for appellee, Union Railroad Company.

Before COLINS, President Judge, PELLEGRINI, J., and NARICK, Senior Judge.

COLINS, President Judge.

The Borough of Braddock (Braddock) appeals from the January 17, 1996 order of the Court of Common Pleas of Allegheny County (Common Pleas Court) affirming the April 24, 1995 decision of the Allegheny County Planning Department (Planning Department) that allowed the subdivision of certain land situate in Braddock and owned by the Union Railroad Company (Railroad).

The question for our determination is whether Common Pleas Court erred in affirming the Planning Department's decision to allow the Railroad's subdivision plan over Braddock's objection without first determining whether the Railroad was, in fact, the owner of the property intended for subdivision.

In its January 17, 1996 opinion, Common Pleas Court found that the Railroad owned land consisting of approximately eleven and one-half acres situate in Braddock, on which tract a now-abandoned railroad line had long been located. The Railroad proposed to subdivide this property and submitted a subdivision plan to Braddock. Upon Braddock's failure to act on the plan, the Railroad filed an action in mandamus that sought to compel Braddock's approval of its subdivision application. However, Braddock, having no subdivision ordinance, asserted lack of jurisdiction and directed the Railroad to file its subdivision plan with the Planning Department in accordance with Section 502(a) of the Pennsylvania Municipalities Planning Code (MPC).[1]

The Railroad complied, and Braddock once again objected to the proposed subdivision plan. In support of its objections, Braddock submitted to the Planning Department a copy of the deed conveying the subject land tract from The Baltimore & Ohio Railroad Company to the Railroad, which deed, Braddock emphasized, did not provide "recital" (derivation of title) information. Braddock also submitted a Lawyer's Title Insurance Corporation (Lawyer's Title) report indicating that without a source deed showing the nature of the estate acquired by the Railroad, it was impossible to insure title to the property without exception against possible reversion of title, or even void, or voidable title, unless a quiet title proceeding, satisfactory to Lawyer's Title, was completed to determine the status of title. In light of the foregoing, Braddock maintained that it was incumbent upon the Railroad to prove, and the Planning Department to determine, that the Railroad owned the subject property before the Railroad's subdivision plan could be approved.

Nevertheless, on April 24, 1995, the Planning Department, rejecting Braddock's contention that it was obliged to first determine the ownership issue, granted the Railroad's subdivision request. Braddock appealed to Common Pleas Court; the Railroad filed a motion to quash said appeal on the basis that Braddock had failed to allege facts establishing that it had standing, that is, a sufficiently direct, substantial and immediate interest in the matter to bring an appeal. By opinion and order dated January 17, 1996, Common Pleas Court (1) determined that Braddock had adequate standing and (2) affirmed the Planning Department's allowance of the proposed subdivision. The present appeal followed.

■ Braddock contends that, in view of the Railroad's inability to produce a source deed, Common Pleas Court erred in affirming the decision of the Planning Department without first determining whether the Railroad owns the subject land tract. Braddock argues that if the Railroad's predecessor(s) acquired the tract from Braddock by "unrecorded instrument(s), a base or conditional fee for railroad purposes," then the Railroad's rights in said property would have terminated when it abandoned railroad operations thereon. In this event, Braddock posits that as an adjacent landowner it may have a reversionary interest in portions of the subject property.

After review of the record, we concur with Common Pleas Court's determination that

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11201.

although the deed conveying the property to the Railroad may have been deficient in reciting title information, the Railroad presented other sufficient indicia of ownership (specifically, a certificate of title and evidence of a 1906 legal proceeding that found against Braddock on the ownership issue) with respect to the proposed subdivision tract. The necessity of considering any and all factors indicative of property ownership, rather than solely title of record, was underscored in *Appeal of the Board of School Directors of the Owen J. Roberts School District,* 500 Pa. 465, 467–68, 474, 457 A.2d 1264, 1265 (1983). Although *Owen J. Roberts* was a tax assessment matter, the rationale expressed therein by our Supreme Court is applicable to the present case, as evinced by the following:

> [T]he lower courts have not examined the indicia from which ownership for tax purposes flow, but have simply assumed such ownership from the title transfer.... [S]uch an assumption is incorrect.... Mere registration of title in the Commonwealth is not always sufficient to establish ... ownership for tax purposes.... Here, we hold only that the lower courts' conclusion that the premises designated Parcel 24–6–3 in East Nantmeal Township, Chester County, are presently owned for tax purposes by the Commonwealth of Pennsylvania based solely on the transfer of record title was incorrectly made without consideration of appellant's evidence negating its possession of the incidents from which ownership flows.

*Id.*

We further find that Common Pleas Court did not err when it concluded that Braddock's "entire appeal rests on one statement taken out of context from a title report by Lawyer's Title Insurance Corporation, to the effect that without the original deeds, Lawyers [Title] would be unwilling to insure the title." The foregoing merely reflects the conservative approach of Lawyer's Title in failing to recognize evidence of property ownership other than a deed, and its well-known reluctance to provide title insurance for property with an unclear or less-than-perfect title history. In no way, however, does the position adopted by Lawyer's Title establish that Braddock has ownership rights in the subdivision property.

 Finally, we concur with Common Pleas Court's conclusion that even were Braddock correct in its challenge to the Railroad's ownership of the subdivision tract, neither the Planning Department, a local administrative body, nor Common Pleas Court on appeal, is the appropriate forum for addressing complex title questions that should be resolved by a quiet title action.

Accordingly, we affirm the order of Common Pleas Court.

### ORDER

**AND NOW,** this 16th day of December, 1996, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.