James KAUFMAN and Theresa Kaufman, his wife; and Glenn Holland and Cynthia M. Holland, his wife

v.

BOROUGH OF WHITEHALL ZONING HEARING BOARD.

Appeal of BOROUGH OF WHITEHALL, Appellant.

Commonwealth Court of Pennsylvania.

Argued March 17, 1998.

Decided April 16, 1998.

James R. Duffy, Pittsburgh, for appellant.

Daniel L. Goodyear, Pittsburgh, for appellees.

Before DOYLE and LEADBETTER, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue in this appeal is whether the Borough of Whitehall Zoning Hearing Board (Zoning Board) erred when it denied Glenn and Cynthia Holland (the Hollands) and James and Theresa Kaufman (the Kaufmans) a permit to erect a fence, which would comply with the local zoning law, on the ground that the proposed fence may interfere with the legal rights of pedestrians who use a portion of the property as a walkway.

The Borough of Whitehall (Borough) appeals the July 7, 1997 order of the Court of Common Pleas of Allegheny County (trial court) that reversed the decision of the Zoning Board denying a request by the Kaufmans and the Hollands to erect a fence across the rear yards of their neighboring properties.

The Hollands and the Kaufmans are neighbors in the Baldwin Heights housing plan. When the Baldwin Heights Plan of Lots was recorded in March of 1939, a street named Threnhauser Drive was identified and laid out between the lots owned by the Hollands and the Kaufmans. Threnhauser Drive was never accepted nor developed as a public road by the Borough or its predecessor, Baldwin Township. However, residents of the Borough and Brentwood Borough have used Threnhauser Drive over the years as a pedestrian walkway.

In 1986, the Hollands and the Kaufmans' predecessor in title, the Liebenguths, filed an action against the Borough to quiet title in Threnhauser Drive. The trial court entered an order granting exclusive ownership of Threnhauser Drive to the Hollands and the Liebenguths (now the Kaufmans), with each owning one half and an easement for purposes of ingress and egress over the whole of Threnhauser Drive. The order also barred the Borough from asserting any right, lien, title or interest in Threnhauser Drive, but the order made no reference to an access easement in favor of members of the community who used Threnhauser Drive as a pedestrian short cut.

Over the years, the Hollands and the Kaufmans attempted, without success, to dissuade people from using Threnhauser Drive as a walkway. In a further effort to block pedestrian traffic across Threnhauser Drive, the Hollands and the Kaufmans applied to the Borough in July of 1996 for a building permit to erect a fence. The Borough's code enforcement officer denied the application because the Borough was aware of a possible prescriptive easement that existed in favor of those pedestrians who had used Threnhauser Drive as a walkway over the years. After a

hearing on October 8, 1996, the Zoning Board upheld the denial of the building permit based, in part, on the following findings:

   6. By operation of law, Threnhauser Drive is subject to an access easement in favor of all property owners of lots within the Baldwin Heights Plan of Lots No. 1. Because there has been uncontroverted testimony from the [Hollands and Kaufmans] and the Borough, and there have been letters from third parties, alleging that others not resident in the Baldwin Heights Plan make use of Threnhauser Drive for access to and from streets located in Brentwood Borough, there is the **possibility** that a prescriptive easement exists to the benefit of those non-residents. The action to quiet title [in 1986] did not extinguish either of the possible easements for access across the Threnhauser Drive portion of [their] property.

   7. Both the property owners and the easement users have apparent legitimate and compatible rights in Threnhauser Drive. It is likely that erecting a fence in the location indicated by the [Hollands and the Kaufmans] **may** be inconsistent with the legal rights of **someone** using the access easement. It would be inappropriate for the Borough to act in an official capacity favoring one claimant over another.

(R.R. at 77a) (emphasis added).

■ The Hollands and the Kaufmans then filed an appeal to the trial court, which heard the case on briefs without additional testimony. In a July 7, 1997 decision, the trial court reversed the Zoning Board's decision because the trial court determined that its 1986 order disposed of any possible access easement that may have existed over Threnhauser Drive. Specifically, the trial court found that the 1986 order awarded "exclusive" title to the abutting neighbors and barred the Borough from asserting any interest whatso-

ever in Threnhauser Drive. Although the 1986 order did not specifically deny the existence of an access easement in favor of unnamed pedestrians, the trial court recognized that the order did not grant such an easement either.[1] Finally, the trial court concluded that the Zoning Board should have granted the building permit once the applicants presented sufficient indicia of ownership. The Borough appealed.[2]

On appeal, the Borough argues that the Zoning Board's denial of the permit in this case was a proper exercise of discretion because the erection of the proposed fence would obstruct the use of Threnhauser Drive as a pedestrian walkway and interfere with the claimed interests of others. According to the record, pedestrians used Threnhauser Drive as a walkway prior to the 1986 quiet title action and such use was adverse to the interests of the Hollands and the Liebenguths (now the Kaufmans). The Borough also points out that the parties in the 1986 quiet title action acknowledged the existence of a claimed easement by pedestrians and the trial court's order in that action did not specifically deny the existence of a claimed easement. Moreover, the Borough avers that the Hollands and the Kaufmans did not deny the existence of claims of a prescriptive easement. Because the Zoning Board was aware of a claimed easement in Threnhauser Drive and had no authority to rule on the validity of the claimed easement, the Borough contends that the Zoning Board had no choice but to deny the permit.

■ Although the Zoning Board did not have the authority to determine whether a prescriptive easement existed, the Zoning Board did in fact arbitrate a private dispute over real estate. In Pennsylvania, it is well established that zoning laws have no application to the resolution of disputes between

1. The trial court in the instant case reviewed the proposed consent order that the Hollands and the Liebenguths submitted to the trial court in the 1986 quiet title action and compared that order to the trial court's final order. Although the proposed consent order included a provision for an access easement in favor of unnamed pedestrians who used Threnhauser Drive, the trial court's final order in the quiet title action did not provide for such an access easement.

2. In a zoning appeal where the trial court takes no additional evidence, our scope of review is to determine whether the zoning hearing board abused its discretion or committed an error of law. *Zangrilli v. Zoning Hearing Board of Borough of Dormont,* 692 A.2d 656 (Pa.Cmwlth. 1997).

private parties over real estate interests. *County of Fayette v. Cossell*, 60 Pa.Cmwlth. 202, 430 A.2d 1226 (1981). This Court has also recognized that the enforcement of private rights has no application in a zoning dispute. *Gulla v. North Strabane Township*, 676 A.2d 709 (Pa.Cmwlth.1996), *allocatur granted*, 547 Pa. 759, 692 A.2d 568 (1997).

In the instant case, the Zoning Board considered the private interests of pedestrians who claim a prescriptive easement in Threnhauser Drive as part of their determination whether to grant a permit to erect a fence on property owned by the Hollands and the Kaufmans. Indeed, the Zoning Board even based their denial of the permit on grounds that a "possible" prescriptive easement exists in favor of pedestrians and that a permit "may" interfere with the legal rights of "someone" using the alleged easement. Thus, the Zoning Board went beyond considering existing property rights in Threnhauser Drive, which it was not permitted to do as part of its decision, and even went so far as to consider mere **claims** of adverse property interests in Threnhauser Drive. Although the Zoning Board received several letters from residents of the community describing their past use of Threnhauser Drive and expressing their desire to continue such use,[3] the mere existence of such claims did not provide a sufficient basis for the Zoning Board to deny the permit. We hold that the Zoning Board abused its discretion by considering such claims.

As the learned trial court recognized in this case, a zoning board is an inappropriate vehicle to deal with complex issues of title, which the opposing parties should resolve by a quiet title action. *Borough of Braddock v. Allegheny County Planning Department*, 687 A.2d 407 (Pa.Cmwlth. 1996). Once the prerequisite conditions required by a zoning ordinance have been fulfilled, the issuance of a building permit is "merely ministerial." *Vagnoni v. Brady*, 420 Pa. 411, 218 A.2d 235 (1966). Here, the Hollands and the Kaufmans presented surveys of their respective properties, a deed,

the trial court's order of 1986, and a construction drawing of the proposed fence with dimensions. Such documents surely provided sufficient information for the code enforcement officer or the Zoning Board to decide whether the building permit requirements were met in this case. The only action left to be taken at that point was to issue the Hollands and the Kaufmans a permit to erect their fence.

However, the Zoning Board found that it would be impossible to grant the permit without favoring the legal interests of one party over that of another, which was, in effect, the outcome of the Board's decision anyway. The Zoning Board's denial of the permit favored the individuals who claim an unproven prescriptive easement in Threnhauser Drive. Under the Zoning Board's decision, the alleged claimants, including some of the persons who wrote letters to the Board, are able to continue to use Threnhauser Drive as a walkway without having to establish their right to such use. The Board's decision also requires the Hollands and the Kaufmans to postpone the construction of their fence and wait until pedestrians or the alleged claimants file an action to quiet title, an event which is unlikely to occur if Threnhauser Drive remains open to pedestrian traffic.

Instead of litigating the denial of the building permit, the Borough suggests that the Hollands and the Kaufmans should seek a legal determination regarding the rights of others to use Threnhauser Drive. However, the Hollands and the Kaufmans already have exclusive ownership rights in Threnhauser Drive as indicated by the trial court's order in the quiet title action of 1986. Under Pennsylvania law, they have done what is required of them to obtain a permit to erect a fence on their respective properties. If other individuals in the community claim a prescriptive right to use Threnhauser Drive, then they have the obligation to seek enforcement of those rights in court and not by

---

3. The record shows that one letter was sent to the Borough prior to the hearing before the Zoning Board and the other two letters were sent to the Board after the hearing. However, none of the individuals who wrote the letters appeared at the hearing to contest the permit application.

zoning proceedings.[4] *Cossell.* To place the onus on the Hollands and the Kaufmans to settle the rights of unnamed claimants places them in an untenable position as property owners. Thus, we conclude that the trial court correctly reversed the Zoning Board's decision.

Accordingly, the order of the trial court reversing the decision of the Zoning Board is affirmed.

### ORDER

AND NOW, this 16 th day of April, 1998, the order of the Court of Common Pleas of Allegheny County, dated July 9, 1997, at No. SA96–1383, is hereby affirmed.

---

4. We question whether the Borough had standing in this case to raise the issue of a prescriptive easement before the Zoning Board. The trial court's order in the 1986 quiet title action directed that the Borough "shall be forever barred from asserting any right, lien, title or interest in the land known as Threnhauser Drive." Thus, the 1986 order extinguished whatever interest the Borough had in Threnhauser Drive. If a prescriptive easement does in fact exist in Threnhauser Drive, then the individuals who possess rights in such easement are the real parties in interest, not the Borough.