Matthew A. **FREDERICK** and Cynthia D. Frederick, Appellants,

v.

## ZONING HEARING BOARD OF CONEWAGO TOWNSHIP.

Commonwealth Court of Pennsylvania.

Argued April 13, 1998.

Decided May 18, 1998.

Thomas M. Shultz, Hanover, for appellants.

Harold Eastman, Jr., and Clayton R. Wilcox, Gettysburg, for appellee.

Before McGINLEY and FLAHERTY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue before this Court is whether the permitted use of an administrative office in a residential area becomes an impermissible use when trucks, associated with the administrative office, are parked on nearby public streets.

Matthew A. and Cynthia D. Frederick (Fredericks) appeal from the order of the Court of Common Pleas of Adams County that affirmed the Zoning Hearing Board of Conewago Township's (ZHB) affirmance of a notice of violation and a cease and desist order issued by Conewago Township (Township). We affirm.

The Fredericks live at 110 Linden Avenue, which is located in the Village Center Residential District (R–2) as established by the Township's Zoning Ordinance (Ordinance). Mr. Frederick has a trucking business and has been parking four tri-axle trucks[1] in front of his home or on a nearby street on a daily basis since 1995. Three independent contractors regularly park their personal vehicles on the street in front of or near Fredericks' home and take the trucks out for the day, returning them at night. The drivers often enter the Fredericks' home to discuss business. While no signs are present on the property,[2] all paperwork relating to the Fredericks' business is done at the Linden Avenue property. Mr. Frederick uses a two-way radio and mobile phone for business communications, while all dispatching is actually done by his sole customer.

Neighbors eventually complained to the Township about the trucks' engines starting as early as 4:00 a.m., causing considerable noise. The complaints also stated that the trucks leak oil and emit odors and fumes. Based upon this information, the Township filed a notice of violation of the zoning ordinance for conducting an impermissible commercial business in the R–2 zoning district and issued a cease and desist order. The Fredericks appealed and a hearing was conducted by the ZHB. The ZHB affirmed the notice of violation and ordered the Fredericks to immediately and permanently refrain from using their property for commercial activity in the nature of a trucking business.

On appeal to the trial court, the Fredericks asserted that their use of their property for administrative functions is permitted in the R–2 district and that the parking of their trucks on a public street did not vitiate such permitted use. The Fredericks relied on *D.E. Street, Inc. v. Zoning Hearing Board of West York*, 103 Pa.Cmwlth. 127, 519 A.2d 1093 (1987), to support this argument. *D.E. Street* holds that the parking of vehicles on a public street in the vicinity of the property is not, in and of itself, sufficient to constitute a violation of the permitted use. However, the trial court distinguished *D.E. Street* because of the specific objectives of the Township's Ordinance, which was to maintain the existing residential environment and because *D.E. Street* concerned a commercial zoning district.

On appeal to this Court,[3] Fredericks argue that the trial court erred in holding

---

1. The trucks have a gross vehicle weight of 73,-280 pounds per truck.

2. There are business identification logos on the doors of the trucks.

3. Because the trial court received no additional evidence, our scope of review is to determine whether the ZHB abused its discretion, committed an error of law or made findings of fact which were not supported by substantial evi-

that the use of the public street to park the trucks transformed their permitted administrative use to a non-permitted use.

We begin our analysis by stating that the R–2 zoning district permits various types of residential housing as well as light commercial uses, including administrative uses.[4] The nature of the community in the R–2 zoning district to be protected by the Ordinance requires that the uses:

> 4.2.1.5. Maintain existing residential environments as an asset to the total community.

> 4.2.1.5. Promote the use of properties for trade and service activities which are compatible with surrounding residential use. Such activities to be operated by their residential property owner with minimum changes to the exterior of the property.

A trucking business is not a permitted use as a matter of right or by special exception in the R–2 district. There is no question that the Fredericks operated the administrative segment of a trucking business from their home in the R–2 district as Mr. Frederick testified that he owned and operated a trucking business. (61a). Telephone bills for the mobile phones were all sent to Linden Avenue. The paperwork for the trucking business was maintained in the home and payment for the hauling materials for the trucks was sent to the Fredericks' home. The drivers themselves entered Fredericks' home to discuss activities. All tax, insurance and employment records with the subcontractors were all located at the Linden Avenue address. These uses appear to be permitted administrative activities and as the trial court concluded it seemed clear that the Ordinance contemplated permitting a resident to conduct professional and administrative offices from his home in the R–2 district, "so long as it would not be too offensive to the quality and character of the residential community." Trial court opinion at 6.

Fredericks still attempt to claim that the trucking business has no location because of the use of wireless communication. This argument is irrelevant as zoning regulations are concerned solely with the use of the land. *County of Fayette v. Cossell*, 60 Pa.Cmwlth. 202, 430 A.2d 1226 (1981). In *County of Fayette*, we stated that:

> Zoning regulations concern the physical use to which land is put. Zoning laws, enactments under the police power, are not concerned with method of ownership of property. Zoning ordinances regulate usage; if a use is permitted, a municipality may not regulate the manner of ownership of the legal estate.

*Id.* 430 A.2d at 1228. (Citations omitted).

In *Taddeo v. Commonwealth*, 49 Pa. Cmwlth. 485, 412 A.2d 212 (1980), we upheld a zoning violation because a business owner parked some heavy equipment on his residential property, concluding that:

> The use of the equipment parked at Appellant's home and in the vacant lot adjacent to it is such an integral part of Appellant's business, which is certainly commercial in nature, as to be inseparable from that business. By parking the equipment at his residence, Appellant has transferred that part of his commercial enterprise to a residential site, something the zoning ordinance will not permit him to do.

*Id.* 412 A.2d at 213.

In *Dech v. Zoning Hearing Board of Lynn Township*, 99 Pa.Cmwlth. 295, 512 A.2d 1352 (1986), we held the parking of three vehicles in an adjoining barn created a commercial use in conflict with applicable residential zoning regulations. In so holding, we explained that:

> In *Taddeo*, we held that parking vehicles used in the business carried on by the occupant of a residential dwelling was commercial in nature and that the storage of

---

dence. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

**4.** Administrative use is not defined in the Ordinance, but the definition of professional office is provided. The definition sets forth various professions and goes on to state that "[t]he practice of such occupation shall in no way adversely affect the safe and comfortable enjoyment of property rights in any District to a greater extent than for the professional activities listed here." Ordinance § 15.1.

such vehicles was neither incidental to nor customary in a residential area. *Dech*, 512 A.2d at 1354.

Fredericks claim that *Taddeo* and *Dech* do not apply, as those cases concern parking of commercial vehicles on private property and instead, rely entirely on *D.E. Street* to support their position. However, as the trial court concluded, *D.E. Street* does not control.

First, the zoning district at issue in *D.E. Street* was a commercial district, which allowed a broad range of commercial uses from offices and banks, theaters and retail stores to motor vehicle showrooms. The only residential uses allowed were apartment houses or apartment dwellings combined with a business use. Single-family homes were not permitted. While we held that the mere parking of a business vehicle on a public street on nights and weekends did not violate the terms of the ordinance there, the facts here are distinguishable.

Second, the Ordinance before us seeks to preserve the community life in the R–2 district, allowing only light commercial activity. The Ordinance violation charged to Fredericks derives not from a matter of parking inconvenience, but rather an assault on the integrity of the R–2 zone itself.

Last, the record demonstrates that a direct link exists between the administrative office use in Fredericks' home and the physical trucking business activity in the street. The business activity that is occurring in the vicinity of 110 Linden Avenue encompasses not just the home but the walkways and street. The outside connections include the incidence of a trucking business, which in this case occurs on the street, i.e., parking of business vehicles, maintenance of vehicles, arrival and departure of truck drivers and the entry of drivers into the home which serves as an office for the business. The link between the permitted administrative office use in the home and the trucking activity is the same that exists where trucks are parked on a lot adjacent to a home, behind a home, or in front of a home. *Taddeo; Dech.*

As we noted in *County of Fayette,* zoning regulations concern the use of land. It does not matter if the land is leased, private land, public land, or land that is being trespassed upon. If an individual uses land in a manner that violates the provisions of a zoning ordinance, i.e., operates a trucking business from his home *and* from the street in front of his home in an R–2 zone, a violation occurs.

Therefore, we hold that the trial court correctly affirmed the ZHB's affirmance of the notice of the Township's notice of violation and cease and desist order to Fredericks.

Accordingly, we affirm.

### ORDER

AND NOW, this 18th day of May, 1998, the order of the Court of Common Pleas of Adams County in the above-captioned matter is hereby affirmed.