IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roseanne Adams,                         :
                                        :
              Appellant                 :
                                        :
         v.                             : No. 534 C.D. 2017
                                        : Argued:  March 6, 2018
                                        :
The Philadelphia Zoning                 :
Board of Adjustment                     :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED:  August 30, 2018

         Roseanne Adams (Appellant) appeals from the March 27, 2017 order

of the Court of Common Pleas of Philadelphia County (trial court) affirming the

Philadelphia Zoning Board of Adjustment's (Board) decision that granted zoning

and use variances to Janice Yager (Applicant) for the property located at 1944

Hamilton Street, Philadelphia, Pennsylvania (Property).  We vacate and remand.

         The Property is zoned for residential mixed-use (RMX-3), which

prohibits non-accessory surface parking.[1]  On July 30, 2015, Applicant applied to

the Philadelphia Department of Licenses and Inspections (L & I) for zoning and use

permits to build two non-accessory surface parking spaces with a six-foot security

fence and a roll-up gate at the Property, which is next door to Applicant's home.

---

[1] RMX-3 applies primarily in higher density locations.  Philadelphia City Planning
Commission, *2016 Philadelphia Zoning Code Information Manual: Quick Guide*, at 14-15,
https://www.phila.gov/CityPlanning/resources/Publications/Philadelphia%20Zoning%20Code_Q
uick%20Reference%20Manual.pdf (last visited August 17, 2018).

Reproduced Record (R.R.) at 115a. On August 26, 2015, L & I refused Applicant's permit application on the grounds that: (1) Section 14-602-1 of the Philadelphia Zoning Code prohibits the proposed use of non-accessory surface parking in the RMX-3 district; and (2) Section 14-706(3)(b) of the Zoning Code prohibits the proposed front fence height from exceeding a height of four feet in the RMX-3 district. R.R. at 99a. Applicant appealed to the Board.

The Board held a hearing on February 17, 2016. Applicant testified that she sought the variance in order to use the Property for personal parking because parking is very limited in the area and anyone could park in front of her house, Applicant's husband has Parkinson's disease, and having parking and access to the rear door of Applicant's home would be helpful to accommodate their changing needs. Notes of Testimony (N.T.) at 7, 17. She stated that she had maintained the Property for the previous 28 years, though she only purchased the Property in 2014. N.T. at 16. Applicant admitted that she could purchase parking at the lot across the street. N.T. at 17. She also testified that she had not applied to have a handicapped spot put in front of her home. N.T. at 18.

A representative from Applicant's local Registered Community Organization (RCO), Logan Square Neighborhood Association (LSNA), and several neighbors also testified in favor of the variance. N.T. at 43-46. Additionally, Applicant submitted a letter of non-opposition from LSNA, a petition of support signed by 32 neighbors, and letters of support from adjacent neighbors. Applicant Exhibits 5, 9. Paula Burns, testifying on behalf of the City Planning Commission, stated that though the Commission would prefer that Applicant consolidate the Property with the adjacent lot, 1942 Hamilton, on which her home is located, the Commission understood that Applicant wanted to keep the lots separate. N.T. at 47.

2

Burns requested that the Board restrict the fence height to four feet if it otherwise granted Applicant's variance. *Id.*

Appellant was the sole objector to the variance. She testified that she and other neighbors, including Applicant's husband, had participated in negotiating a neighborhood development agreement (Agreement) that restricted the Property to remain solely a landscaped area until it was developed for single-family residential use.[2] N.T. at 19. She further testified that there was high demand for residential properties in the Logan Square neighborhood. N.T. at 31-32. Appellant conceded that she would not have challenged Applicant's permit application if Applicant had agreed to either consolidate the Property with the lot on which she resided or placed a deed restriction on the Property. N.T. at 33-34.

Appellant also raised safety concerns, stating that she waits for the bus on the corner near the Property with her back to where the proposed parking spaces would be located. N.T. at 24. She testified that anyone parking in the proposed lot would have to back out onto the street. N.T. at 26. Appellant expressed concern that there were several utility poles near the proposed parking area, that cars often parked immediately next to the utility poles, or even illegally in the bus stop, and that traffic on the street was congested during rush hours. N.T. at 26-28.

At the hearing's conclusion, the Board voted to grant the requested variance with provisos that the fence not exceed a height of four feet, that the parking be considered accessory parking for the use of the residents of 1942 Hamilton only,

---

[2] R.R. at 169a-253a. The named parties to the Agreement were Rodin Parking Partners, L.P. (Developer), LSNA, Hamilton Townhouse Association, Appellant, John Surman, and those owners of the properties at 417, 419, 421, 423, 425, 427, and 429 North 20 Street and 1938, 1940, and 1942 Hamilton Street (non-Developer parties are collectively known as the "Neighbor Group"). Under the terms of the Agreement, Developer agreed to specific restrictions and requirements for its development of certain properties in exchange for the support of the Neighbor Group.

and that the approval would be for a temporary term of five years. In support of its decision, the Board found that substantial community growth significantly reduced available street parking and, as a result of Applicant's husband's Parkinson's disease diagnosis, proximate parking was a serious concern for Applicant. Findings of Fact (F.F.) No. 15. The Board concluded that the evidence of record, including submitted exhibits and witness testimony, satisfied the requirements for grant of the requested variance. The Board noted that the Property had been abandoned for decades, the proposed use was supported by a number of neighbors and not opposed by the area RCO, the Philadelphia Streets Department approved the proposed curb cut, and the imposed provisos would limit the duration of use and restrict parking to the use of the adjacent property owner. The Board further noted that its jurisdiction is limited under the Philadelphia Zoning Code and the Home Rule Charter and that the effect and enforceability of the Agreement introduced by Appellant were not within the Board's purview.

Appellant appealed to the trial court and Applicant intervened in the appeal. Applicant also filed a Motion to Quash the appeal, asserting that Appellant was not an aggrieved person and lacked standing. The trial court heard argument on November 16, 2016, and the parties also submitted supplemental briefs. On March 27, 2017, the trial court issued an order affirming the Board's decision. In its July 12, 2017 opinion in support of its order, the trial court determined that the Board's grant of the variance was supported by substantial evidence.

The trial court also concluded that the Board appropriately determined that the effect and enforceability of the Agreement were outside its jurisdiction. Additionally, the trial court determined that the Agreement did not provide sufficient evidence to establish that Appellant had standing to challenge the Board's decision

4

as a person aggrieved by the decision.[3]  Nevertheless, the trial court did not rule on the Motion to Quash and decided the matter based on the merits.

On appeal to this Court,[4] Appellant asserts that she has standing to appeal the variance granted by the Board because she is a named party and signatory to the Agreement and because she owns and resides in a home located approximately 250 feet from the Property.  Appellant also argues that Applicant failed to satisfy her burden of proving the hardship required for the Board to grant the requested variance.

Initially, regarding Appellant's assertion that she has standing based on the Agreement, this Court has previously determined that the proper remedy for violations of building and use restrictions created by private contract is enforcement of the restrictions in court through civil action.  *See Fayette County v. Cossell*, 430 A.2d 1226, 1228 (Pa. Cmwlth. 1981) ("Zoning law has no application to the resolution of disputes between private parties over real estate interests."); *Calvanese v. Zoning Board of Adjustment of City of Philadelphia*, 414 A.2d 406, 408 (Pa. Cmwlth. 1980) ("Zoning laws are enacted under the police power, and they have no concern whatever with building or use restrictions which are created merely by private contracts. . . .  The proper forum to redress such breaches is not the [B]oard."

---

[3] The trial court made no determination regarding whether Appellant had standing as a person aggrieved by the Board's decision based on her home's proximity to the Property or her participation and interest in the hearing before the Board.

[4] In an appeal from the grant or denial of a zoning variance where, as here, the trial court has not taken any additional evidence, this Court's scope of review is limited to a determination of whether the zoning hearing board committed an error of law or abused its discretion.  *Valley View Civic Association v. Zoning Board of Adjustment of the City of Philadelphia*, 462 A.2d 637, 639-40 (Pa. 1983).  An abuse of discretion arises only where the zoning board's findings are not supported by substantial evidence.  *Id.* at 640.  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id.*

(citations omitted)). Therefore, the Board correctly determined that the effect and enforceability of the private Agreement were not within its purview.

Next, we address Appellant's argument that she has standing based on her status as a person aggrieved by the Board's decision. For an appellant to have standing to appeal a determination of the Board, she must demonstrate that she is an "aggrieved person." *Spahn v. Zoning Board of Adjustment of the City of Philadelphia*, 977 A.2d 1132, 1149 (Pa. 2009). However, "[a] party is not necessarily aggrieved simply because he or she appeared or participated before the Board." *Scott v. Zoning Board of Adjustment of the City of Philadelphia*, 126 A.3d 938, 949 (Pa. 2015). It is well established that to be "aggrieved," a party must "show an interest that is substantial, direct, and immediate." *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269, 280 (Pa. 1975). For an interest to qualify as "substantial, there must be some discernible effect on some interest other than the abstract interest all citizens have in the outcome of the proceedings." *Spahn*, 977 A.2d at 1151. An interest is direct where the party can demonstrate some causation of harm to her interest. *Id.* To be considered immediate, a party's interest must have "a causal connection between the action complained of and the injury to the person challenging it." *Id.*

In *Spahn*, our Supreme Court consolidated several appeals involving, *inter alia*, standing in zoning cases in Philadelphia. *Spahn*, 977 A.2d at 1136. In one case, the appellant appealed the Board's grant of a dimensional variance. *Id.* The Court concluded that though the appellant lived one and a half blocks from the subject property and that he walked past the property every day, his interest was no different from the interest common to all citizens in regards to obedience of the law. *Id.* at 1138.

6

In another of the consolidated cases, individual objectors argued that they had standing because they lived in the general vicinity of a proposed billboard. *Society Created to Reduce Urban Blight (SCRUB) v. Zoning Board of Adjustment of City of Philadelphia*, 951 A.2d 398, 401-02 (Pa. Cmwlth. 2008). This Court concluded that the distance between the objectors' property interest and the subject property "can be critical because proximity of the properties may be sufficient to establish a perceivable adverse impact." *Id.* at 404. However, we further concluded that while "an adjoining property owner, who testifies in opposition to a zoning application before the [Board], has sufficient interest in the adjudication to have standing to appeal the [B]oard's decision to the trial court . . . [,] absent an assertion of a particular harm, standing has been denied to a protestant with no property interest in the immediate vicinity." *Id.* On appeal, the Supreme Court affirmed this Court's decisions in both cases because the parties failed to establish that they were "aggrieved" for purposes of appealing the Board's decision. *Spahn*, 977 A.2d at 1152.

In *Armstead v. Zoning Board of Adjustment of City of Philadelphia*, 115 A.3d 390, 392 (Pa. Cmwlth. 2015), an applicant requested a variance to convert an existing sign from vinyl to digital. Objectors to the variance opposed the proposed sign, but admitted that they could not see the existing sign from the windows of their homes. *Id.* at 394-95. The individual objectors argued that they had standing to appeal the Board's grant of the variance because they all lived within three blocks of the sign, at least two of them would be able to see the proposed sign from their homes at night, and they use the park across from the sign and walk in the vicinity of the sign. *Id.* at 396. This Court determined that none of the objectors demonstrated standing because they were neither adjoining property owners nor did

7

they live in the immediate vicinity of the proposed sign, holding that "an objector does not have standing merely because he or she lives within one and a half blocks of a property." *Id.* at 397. Moreover, this Court determined that none of the objectors demonstrated standing based on a particular harm because most could not see the sign from their homes and those that could failed to explain how the proposed illumination of the sign would cause injury or to what extent the illumination would affect the homeowners. *Id*. at 397-98.

Here, Appellant testified that her property is located within 250 feet of the Property and that she has safety concerns because she waits for the bus in the area of the proposed parking spaces. She also testified that she would not have objected to the grant of a variance if Applicant had combined the Property with the lot on which she resided or placed a deed restriction on the Property. However, the trial court did not rule on Applicant's Motion to Quash. Instead it considered the merits of Appellant's appeal, and so did not address these issues to determine the threshold matter of whether Appellant had standing to appeal the Board's decision.

Accordingly, we vacate the order of the trial court and remand to the trial court to determine whether Appellant had standing to take an appeal from the Board's decision.[5]

MICHAEL H. WOJCIK, Judge

---

[5] Given our determination above, this Court need not address the merits of Appellant's appeal regarding whether Applicant met her burden of proving the requisite hardship.

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roseanne Adams,                       :
                                      :
                    Appellant         :
                                      :
        v.                            :   No. 534 C.D. 2017
                                      :
                                      :
The Philadelphia Zoning               :
Board of Adjustment                   :

# **O R D E R**

AND NOW, this 30th day of August, 2018, the order of the Court of Common Pleas of Philadelphia County (trial court), dated March 27, 2017, is VACATED, and this matter is REMANDED to the trial court for proceedings consistent with this opinion.

Jurisdiction is relinquished.

_____
MICHAEL H. WOJCIK, Judge