IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marc V. Taiani,  :
           Appellant  :
   :  No. 1484 C.D. 2019
           v.  :
   :  Submitted: October 18, 2021
The Zoning Hearing Board  :
of the Borough of Wilkinsburg  :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge


_**OPINION NOT REPORTED**_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                 FILED: November 22, 2021


      Marc V. Taiani (Appellant) appeals from the September 18, 2019 order of the Court of Common Pleas of Allegheny County (trial court), affirming the decision of the Wilkinsburg Zoning Hearing Board (ZHB), which required him to rebuild a concrete pathway and set of stairs to their preexisting condition because they were demolished in direct violation of his zoning permit that directed they remain as-is.

      Appellant is the property owner of 413 Kelly Avenue, Wilkinsburg, Pennsylvania. Wanda Metz (Metz) is the owner of the adjoining property at 415 Kelly Avenue. A 21-foot-long common concrete sidewalk, approximately 60 inches wide, including 3 stairs, ran between Appellant's property and the Metz property and terminated at the rear of the properties at Gillespie Way. Of the 60-inch width, 42

inches of the walkway were on the Metz property and 18 inches were on Appellant's property.

On October 2, 2018, Appellant submitted an accessory structure permit application and plan to construct a fence and a retaining wall.[1] Appellant submitted a hand-drawn design plan and narrative. (Reproduced Record (R.R.) at 112a-14a.)

The Borough approved the plan and issued the permit with the condition that the common sidewalk and stairs remain intact, and the dimensions be consistent with the existing sidewalk and stairs. *Id.* at 115a. Specifically, the plan that was attached to the permit was revised in red handwriting, stating that "dimension to be to existing pathway and stairs, pathway to remain as-is." *Id.* at 219a.

On October 19, 2018, Metz contacted the Borough and reported that Appellant had, using a concrete saw, cut 18 inches from the width of the entire length of the sidewalk and stairs, leaving sharp edges all along the pathway and stairs and leaving the stairs unstable. That same day, a violation notice was issued by Eric Parrish, Director of Code Enforcement for the Borough of Wilkinsburg, citing non-compliance with the permit. *Id*. at 119a-22a. The violation notice stated that Appellant violated section 260-106 of the Borough of Wilkinsburg Zoning Code[2] (Zoning Code),

---

[1] By all accounts, Appellant's desire to build the wall and fence was precipitated by an ongoing feud between the neighbors.

[2] Section 260-106 of the Zoning Code, entitled "General Compliance," provided:

> No land shall be used or occupied and no structures shall be designed, erected, altered, used, or occupied except in conformity with this chapter and in compliance with all standards and upon performance of all conditions attached to any use approval, variance, appeal, rezoning, subdivision and land development approval, planned residential approval, or site plan approved pursuant to all land use regulations of the Borough.

**(Footnote continued on next page…)**

by failing to comply with the permit, which stated that the concrete pathway and stairs which straddled the properties must remain as-is. *Id*. at 7a-8a.

The violation notice required restoration of the common sidewalk and stairs to be completed within 30 days.

On November 18, 2018, Appellant appealed the violation notice to the ZHB, seeking to reverse the zoning violation notice, or in the alternative, requesting a variance or special exception for completion of the work. Appellant requested that he be exempt from returning the sidewalk and stairs to their preexisting state because they encroached on his property and it would cause him undue financial hardship. He further argued that there was ambiguity or doubt regarding whether his plan attached to his application included his intention to remove the sidewalk and stairs and whether the permit that was issued allowed him to remove a portion of the sidewalk and stairs shared by the neighbors at 415 Kelly Avenue. He urged the ZHB to apply section 260-103 of the Zoning Code when deciphering the plan and permit, which provides:

> §260-103 Interpretation.
>
> In the event of conflicts between the provisions of this chapter and any other ordinance or regulation, the more restrictive provisions shall apply. In the interpretation and application, the provisions of this chapter shall be considered minimum requirements adopted for the promotion of the health, safety and general welfare of the public. In interpreting the language of this chapter to determine the extent of the restriction upon the use of the property, the language shall be interpreted, where doubt exists as to the intended meaning of the language written and enacted by the Borough Council, in favor of the property owner and against any implied extension of the restriction.

---

Zoning Code, §260-106.

Zoning Code, §260-103.

The ZHB held a hearing on December 18, 2018. Code Enforcement Officer Parrish testified that he issued the permit to Appellant under a condition that the dimensions of the sidewalk and stairs remain in their existing state because they were existing nonconforming accessory structures. (Notes of Testimony (N.T.), December 18, 2018, at 15; R.R. at 44a.) Parrish testified that he had a phone call with Appellant during which Parrish advised Appellant that the only way Parrish would issue the permit is if the sidewalk and stairs remained as-is. Parrish testified that Appellant confirmed to him on the phone that he (Appellant) understood those conditions. *Id*. Parrish testified that on October 19, 2018, he was notified by the neighbors at 415 Kelly Avenue that Appellant was not following the conditions of the permit. *Id*. at 17; R.R. at 45a. That is when he visited the property and discovered that Appellant had cut the portion of the sidewalk and stairs that were on his property, reducing the total width of the sidewalk and stairs from 60 inches wide to 42 inches wide.

Appellant testified that he only removed the portion of the sidewalk and stairs that were on his property. He testified that he adhered to his submitted drawings which he believed clearly delineated the location of the retaining wall to be built upon/abutting the property line. *Id*. at 70; R.R. at 58a. He claimed that to cure the violation would be exceptionally hard. He would have to bring in 30 tons of dirt and the cost would be exorbitant. *Id*. at 71; R.R. at 58a. He also believed that he was curing what was previously an illegal structure, *i.e.*, a common sidewalk, and that he has the right to put it back to how it should be, and to have a separate sidewalk on his property. *Id*. Appellant further testified that he had already cut the sidewalk and stairs before he got the permit or instruction from Parrish to leave them as-is. *Id*. at 83; R.R. at 61a.

4

Disinterested witness, Kate Luxemburg, the former owner of both 413 and 415 Kelly Avenue, testified that the common sidewalk and stairs between the properties existed when she purchased 415 Kelly Avenue in 1973 and that they appeared to her to have been constructed long before that. *Id.* at 111-12; R.R. at 68a.

The neighboring property owner, Metz, testified that she specifically told Appellant that she would have a problem if he cut the sidewalk and stairs which had been utilized by both properties for years. *Id.* at 94; R.R. at 64a. She testified that, contrary to Appellant's version of events, the sidewalk and stairs were not cut before the permit was issued on October 9, 2018. She said the sidewalk and stairs were intact until October 13, 2018. *Id.* at 95-96; R.R. at 64a. She said after Appellant cut the sidewalk and stairs and removed some supporting soil, the stairs became structurally unstable. *Id.* at 97; R.R. at 65a. She also requested that Appellant not be given a variance "after the fact." *Id.* at 99; R.R. at 65a.

The ZHB issued its findings of fact and decision on January 15, 2019, affirming the notice of violation and concluding that there was no basis to grant Appellant a variance or a special exception. The ZHB specifically credited Parrish, Luxemburg, and Metz but did not credit Appellant. It made the following relevant findings of fact:

> 5. The [p]roperty includes a concrete sidewalk and set of stairs in the rear which have been shared with the adjacent property located at 415 Kelly Avenue since at least 1973 according the credible testimony of witness Kate Luxemburg, former owner of both 413 and 415 Kelly Avenue. The majority of the sidewalk and stairs are located on 415 Kelly Avenue. However, a portion of the sidewalk and stairs extends across the property line onto 413 Kelly Avenue.

5

6. [Appellant] filed an Accessory Structure Permit Application Form ("Application") on October 2, 2018, seeking zoning approval to construct a fence under 6 feet tall and a retaining wall less than 4 feet tall in accordance with an attached Plot Plan and Narrative ("Plan") in the rear of the [p]roperty adjacent to Gillespie Way. [Appellant's] stated purpose for this construction project was to convert a former parking pad into a larger rear yard.

7. The Plan includes a detailed description of the work to be performed *but notably does not refer to demolition of the existing sidewalk or stairs*.

8. Borough Zoning Officer Parrish reviewed the Application and Plan for conformance with the Borough Zoning Ordinance.

9. After multiple discussions with [Appellant] about the project, Parrish approved the Application and Plan and issued a permit ("Permit") dated October 9, 2018, conditioned on [Appellant] maintaining the existing sidewalk and stairs shared with 415 Kelly Avenue. *Parrish modified the Plan by writing "Dimension to be to existing pathway and stairs (pathway to remain as-is)" and said modification was made part of the approval and Permit*.

10. [Appellant] spoke with Parrish by phone before receiving the approved Permit in the mail and Parrish verbally authorized [Appellant] to begin grading and related pre-construction activities at the [p]roperty.

11. *Parrish testified that he told [Appellant] during this phone call that the Application was being approved conditionally and that the existing sidewalk and stairs shared with 415 Kelly Avenue were required to remain as-is. The [ZHB] finds this testimony to be credible*.

12. Acting as his own contractor, [Appellant] began construction of the retaining wall and fence at the [p]roperty.

6

As part of the construction, he cut off a portion of the shared concrete sidewalk and stairs.

13. On or about October 19, 2018, in response to a complaint from Wanda Metz, one of the owners of the neighboring property at 415 Kelly Avenue, Parrish inspected the [p]roperty and discovered that the sidewalk and stairs had been cut and a portion had been removed as part of [Appellant's] construction project in violation of the Permit

(ZHB decision, 1/15/19, Findings of Fact (F.F.) Nos. 5-13) (emphasis added).

Based on these findings, the ZHB concluded that Appellant "*was aware of the terms and conditions of the [p]ermit* issued by the Borough Zoning Officer, *specifically, that the construction of the fence and retaining wall was conditioned on the maintaining the shared sidewalk and stairs 'as-is*.' The original plan submitted with the application included significant detail but notably [there was] no mention of demolition of the existing sidewalk or stairs." *Id*. at 6 (emphasis added). The ZHB further concluded that Appellant failed to establish that a variance is required for the reasonable use of the property. It found, "[t]o the contrary, maintaining the shared sidewalk and stairs as part of the fence and retaining wall construction project in compliance with the [p]ermit issued by the Borough would reduce the rear yard area only by a nominal amount and would not prohibit or even materially limit its intended use." *Id*. Additionally, the ZHB found that Appellant failed to meet his burden to establish the exceptional circumstances required for the granting of a variance or that he was entitled to a special exception. *Id*. at 4, 6.

Appellant appealed to the trial court, which took no additional evidence. On September 18, 2019, the trial court issued an order affirming the decision of the ZHB and this appeal followed.

7

On appeal,[3] Appellant raises six issues. They are: (1) whether the ZHB committed an abuse of discretion by failing to consider section 260-103 of the Zoning Code; (2) whether the ZHB committed an error of law by requiring Appellant to reconstruct the stairs and walkway when doing so would create an encroachment on his property; (3) whether the ZHB committed an abuse of discretion by failing to consider the unconstitutionality of the requirement that forcing Appellant to return the property to its pre-construction state would in fact be creating an encroachment on Appellant's property without any easement of record; (4) whether the ZHB committed an error of law by assuming jurisdiction over the matter when there were issues of title that are properly resolved in a quiet title action; (5) whether the ZHB abused its discretion by failing to consider his engineering report entered into evidence, which stated the portion of the sidewalk and stairs that had been removed were on Appellant's property and the concrete block retaining wall provided support to the remaining portion of the sidewalk such that the remaining steps and sidewalk were useable by the residents of 415 Kelly Avenue; and (6) whether the ZHB committed an abuse of discretion by denying Appellant a variance.

**1.**

In his first issue, Appellant contends that there is doubt as to whether his action constituted noncompliance with section 260-106 of the Zoning Code (failure to comply with permit). He argues that the ZHB erred by failing to consider section 260-

---

[3] In a zoning appeal, such as here, where the trial court takes no additional evidence, this Court's scope of review is limited to determining whether the zoning hearing board committed an error of law or a "manifest abuse of discretion," meaning it made findings of fact that are not supported by substantial evidence. *Sowich v. Zoning Hearing Board of Brown Township*, 245 A.3d 1188, 1195 (Pa. Cmwlth. 2021) (*citing Valley View Civic Association v. Zoning Board of Adjustment*, 462 A.2d 637, 639 (Pa. 1983)); *see also In re Ridge Park Civic Association*, 240 A.3d 1029, 1031 (Pa. Cmwlth. 2020). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

103 of the Zoning Code (interpretation of ordinances) and section 603.1 of the Pennsylvania Municipalities Planning Code (MPC),[4] which provides that "[i]n interpreting the *language of zoning ordinances* to determine the extent of the restriction upon the use of the property, the language shall be interpreted, where doubt exists as to the intended meaning of the language *written and enacted by the governing body*, in favor of the property owner and against any implied extension of the restriction." 53 P.S. §10603.1 (Emphasis added.)

Appellant asserts that section 260-103 of the Zoning Code and section 603.1 of the MPC should be extended to apply to the permit application he submitted and that any doubts about the meaning of the language written should be interpreted in favor of him, the property owner, in a manner which is the least restrictive upon the use of his property. Application of these sections, argues Appellant, would render the conflict in question, whether his proposed drawing clearly depicted his intent to remove a portion of the stairs and walkway, and would result in the least restrictive use of the property.

First, section 260-103 of the Zoning Code and section 603.1 of the MPC apply to *ordinance* ambiguities and not ambiguities or doubts associated with permit applications drafted by applicants. Even assuming that they did apply, the ZHB did not find any ambiguity with the application or the plan attached thereto. The ZHB found unequivocally that Appellant's plan included a detailed description of the work to be performed but did not refer to demolition of the existing common sidewalk or stairs. (F.F. No. 7.) We discern no error in that conclusion.

Although Appellant believes the straight line along the property line on the plan was clear enough to show his intent to remove a portion of the common

---

[4] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329.

9

sidewalk and stairs, the ZHB found that Appellant's permit application did not refer to demolition, destruction, removal, or shortening of the existing sidewalk or stairs. Appellant essentially asks this Court to reweigh the evidence and accept his version that he was "confused," and his destruction of the sidewalk and stairs was based on his "good faith belief" that he was permitted to do so. (Appellant's Br. at 13.) He also avers that, in removing the sidewalk and stairs, he did not violate any ordinance, nor would the failure to replace them interfere with or deprive his neighbors of the use of their property. Therefore, it was "reasonable" for him to believe he was permitted to remove the portion of the sidewalk and stairs that he claims "encroached" on his property. *Id.* However, the ZHB specifically found that Appellant "was aware of" the permit conditions and ignored them in violation of section 106 of the Zoning Code, which prohibits land use and construction that does not meet conditions attached to the approval of a permit application. (ZHB decision, at 6.)

It is axiomatic that this Court may not substitute its interpretation of the evidence for that of the zoning hearing board. *Vanguard Cellular Systems, Inc. v. Zoning Hearing Board of Smithfield Township*, 568 A.2d 703 (Pa. Cmwlth. 1989). It is the function of a zoning hearing board to weigh the evidence before it. *Spargo v. Zoning Hearing Board of the Municipality of Bethel Park*, 563 A.2d 213 (Pa. Cmwlth. 1989). The zoning hearing board is the sole judge of the credibility of witnesses and the weight afforded their testimony. *Manayunk Neighborhood Council v. Zoning Board of Adjustment of the City of Philadelphia*, 815 A.2d 652 (Pa. Cmwlth. 2002). Assuming the record contains substantial evidence, we are bound by the board's findings that result from resolutions of credibility and conflicting testimony rather than a capricious disregard of evidence. *Macioce v. Zoning Hearing Board of the Borough of Baldwin*, 850 A.2d 882 (Pa. Cmwlth. 2004).

It was the ZHB's prerogative to accord more weight to the testimony of Code Enforcement Officer Parrish than to that of Appellant. Because the Borough's evidence constituted the substantial evidence required to support the ZHB's findings, we are bound by the ZHB's findings and credibility determinations. Accordingly, this issue is without merit.

**2.**

In his second issue, Appellant asserts that the trial court erred in affirming the ZHB's decision, which required Appellant to reconstruct the sidewalk and stairs. He argues that the ZHB did not have the authority to enforce the violation by requiring him to return them to their original condition because they encroached on his property and restricted the use of his property. He contends that he had a right to remove the portion of the sidewalk and stairs that were on his property and he should not be required to rebuild something that was an encroachment on his property.

First, the Borough's Code Enforcement Officer and ZHB acted well within their authority to require Appellant to rebuild the concrete sidewalk and stairs. Section 617 of the MPC provides:

> ***In case any building, structure, landscaping or land is, or is proposed to be, erected, constructed, reconstructed, altered, converted, maintained or used in violation of any ordinance enacted under this act or prior enabling laws, the governing body or, with the approval of the governing body, an officer of the municipality***, or any aggrieved owner or tenant of real property who shows that his property or person will be substantially affected by the alleged violation, in addition to other remedies, ***may institute any appropriate action or proceeding to prevent, restrain, correct or abate such building, structure, landscaping or land***, or to prevent, in or about such premises, any act, conduct, business or use constituting a violation. When any such action is instituted by a landowner or tenant, notice of that action shall be served upon the municipality at least 30 days prior to the time the

11

action is begun by serving a copy of the complaint on the governing body of the municipality. No such action may be maintained until such notice has been given.

53 P.S. §10617.

Appellant removed a portion of the common sidewalk and stairs in violation of the permit. This, in turn, was a violation of section 260-106 of the Ordinance, which prohibits the alteration of any structure in derogation of the permit issued. Section 617 of the MPC authorized the ZHB to direct Appellant to correct the violation.[5] Further, this Court has held that where deliberate and substantial violations of a zoning ordinance are found, it is appropriate to order removal of nonconforming structures. *Beiler v. Salisbury Township*, 468 A.2d 1189, 1191 (Pa. Cmwlth. 1983). Moreover, to the extent there is any hardship, such as an economic hardship of having to return the sidewalk and stairs to their original condition, such hardship is the result of Appellant's own actions and, therefore, was self-created. *See* section 910.2(a)(3) of the MPC,[6] 53 P.S. §10910.2(a)(3) (stating hardship cannot be created by applicant).

Second, the time to make this argument has passed. If Appellant believed the common sidewalk and stairs illegally encroached upon and restricted the use of his property, then he should have addressed that matter directly with the Code Enforcement Officer by making it clear on his application that he intended to remove the portions that were on his property. Because the sidewalk and stairs were shared by both

___

[5] In support of his argument that he should not be required to return the sidewalk and stairs to their original condition, Appellant argues that the stairs "serve no reasonable function" and removal of the portion which was situated on his property did not interfere with Metz's ability to use the remaining portion. (Appellant's Br. at 14.) Again, it is not this Court's function to fact-find. *Macioce*. As noted, the width of the sidewalk and stairs was reduced from 60 inches to 42 inches. Metz testified that what is left of the stairs is now unstable and unsafe. The ZHB clearly credited this testimony when it ordered Appellant to return them to their original condition.

[6] Added by the Act of December 21, 1988, P.L. 1329.

12

properties, any such relief at that point would have necessarily required the participation of the neighbors who co-owned and utilized the sidewalk and stairs to access Gillespie Way and would have been impacted by any modifications.

However, according to the facts credited by the ZHB, and to which we are bound, Appellant chose not to act within the legal process and instead resorted to self-help. Thus, we are unable to conclude that the trial court erred in affirming the ZHB's order directing Appellant to return them to their original condition.

**3.**

Next, Appellant argues that the ZHB and trial court failed to consider the unconstitutionality of requiring him to return the property to its pre-construction state. Appellant argues that he has a constitutionally guaranteed right to use his property unfettered by government restrictions, except where the use violates any law, the use creates a nuisance, or the owner violates any covenant, restriction, or easement. He argues that without an easement, the sidewalk and stairs created an illegal encroachment upon his property that he had every right to remove. He also argues that forcing him to replace the sidewalk and stairs, which he does not want on his property, will result in a taking of his property without just compensation.

None of these equitable arguments, raised in hindsight, excuse Appellant's deliberate violation of the permit issued. If Appellant believed he was entitled under eminent domain principles to remove a portion of the common sidewalk stairs, then his recourse was to file an application seeking specific authority to remove them for that reason, which he did not do. In the event his application was denied, he could have appealed the denial to the ZHB and raised these arguments. 53 P.S. §10909.1(a)(3).[7] Instead, according to the evidence credited by the ZHB, Appellant

---

[7] Section 909.1 of the MPC states:

**(Footnote continued on next page…)**

13

failed to make it clear in his application and plan that he intended to remove a portion of the sidewalk and stairs he shared with his neighbors and he ignored the permit condition which specifically prohibited him from doing so. Here, Appellant violated the Zoning Code by not complying with the building permit which specifically directed him to leave the common sidewalk and stairs as-is.

Because Appellant failed to raise these arguments prior to removing a portion of the sidewalk and stairs, he is precluded from raising them now in hindsight as justification or an excuse for violating the permit.

**4.**

In his fourth issue, Appellant argues that the ZHB committed an error of law by assuming jurisdiction over the matter when there were issues of title which are properly resolved in a quiet title action. We find this argument is without merit.

First, and notably, it was Appellant who initially filed the appeal from the Code Enforcement Officer's notice of violation to be heard by the ZHB. Appellant applied for and received a permit subject to certain conditions. When those conditions were violated, the zoning officer issued a notice of violation of the conditions of the permit. Pursuant to section 909.1 of the MPC, 53 P.S. § 10909.1, the ZHB has "exclusive jurisdiction to hear and render final adjudications in . . . [a]ppeals from the

---

> *[t]he zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters*:
>
> . . . .
>
> (3) *Appeals from the determination of the zoning officer, including, but not limited to, the granting or denial of any permit*, or failure to act on the application therefor, the issuance of any cease and desist order or the registration or refusal to register any nonconforming use, structure or lot.

53 P.S. §10909.1(a)(3) (emphasis added). Section 909.1 was added by the Act of December 21, 1988, P.L. 1329.

determination of the zoning officer." Appellant's rights were outlined in the notice of violation. The ZHB was the appropriate body to hear whether Appellant violated the conditions of the permit by removing structures that were to remain "as-is" as expressly stated on the permit.

As Appellant points out, it is well established that zoning laws have no application to the resolution of disputes between private parties over real estate interests. *County of Fayette v. Cossell*, 430 A.2d 1226 (Pa. Cmwlth. 1981). He also correctly observes that the enforcement of private rights has no application in a zoning dispute. *Gulla v. North Strabane Township*, 676 A.2d 709 (Pa. Cmwlth. 1996). However, despite his apparent recognition of this law, he nevertheless proceeded to remove the common sidewalk and stairs under the guise that he was permitted to under the zoning permit issued by Code Enforcement Officer Parrish. Because we find the argument circular, and because the matter before the ZHB was Appellant's appeal from an enforcement notice, we conclude, as did the trial court, that the ZHB did not err in assuming jurisdiction over Appellant's statutory appeal.

**5.**

Next, Appellant argues that the ZHB abused its discretion when it failed to consider his expert engineering report, which opined that the wall system that is being constructed by Appellant will provide proper and adequate support for the remaining section of the walkway and once backfilled, will provide necessary support and that restoring the walkway to the prior width would not have any effect on the integrity of the walkway at 415 Kelly Avenue nor would it extend the service life of the walkway. (R.R. at 117a-18a.)

A zoning board is free to reject even uncontradicted testimony it finds lacking in credibility, including testimony offered by an expert witness. *Taliaferro v.*

15

*Darby Township Zoning Hearing Board*, 873 A.2d 807, 811 (Pa. Cmwlth. 2005). Here, Appellant's expert provided an opinion regarding why he believed that Appellant's proposed remedial measures made it unnecessary to return the common sidewalk and stairs to their original condition. The ZHB was not required to agree with Appellant's expert that Appellant's proposed remediation measures would satisfactorily offset the damage caused by Appellant. As we held above, the ZHB acted well-within its authority to require Appellant to return the sidewalk and stairs to their original condition.

**6.**

Lastly, Appellant argues that, "assuming arguendo that a variance was necessary," he was entitled to a "validity variance." (Appellant's Br. at 22.) He argues that while there is no ordinance that requires him to return the sidewalk and stairs to their pre-permit condition, the ZHB, in directing him to rebuild the walkway and stairs, is forcing him to confiscate his own real property. He submits granting a validity variance would allow him to reasonably use his land. *Id*.

First, we take issue with the basic premise underlying this argument, *i.e.*, that a variance was necessary or appropriate in these circumstances.

A validity variance "is based on the theory that an otherwise valid ordinance is confiscatory when applied to a particular tract of land, in that it deprives the owner of any reasonable use of his property." *Laurel Point v. Susquehanna Township Zoning Hearing Board*, 887 A.2d 796, 801-802 (Pa. Cmwlth. 2005). In such a case, the issuance of a variance is necessary to permit a reasonable use of the land and, thus, prevent an unconstitutional taking of the applicant's property. *Shohola Falls Trails End Property Owners Association, Inc. v. Zoning Hearing Board*, 679 A.2d 1335, 1341 (Pa. Cmwlth. 1996).

16

Appellant has offered no case precedent, nor is this Court aware of existing case precedent, holding that a code enforcement officer's directive to cure the permit violation is akin to an ordinance that gives rise to the right to seek a validity variance. He has not identified any ordinance which deprives him of reasonable use of his property. In fact, he readily admits there is no ordinance which requires him to return the sidewalk and stairs to their original condition. To the contrary, his grievance is with Code Enforcement Officer Parrish's (and later the ZHB) directive that he rebuild the prior existing walkway and stairs. In essence, he suggests that his violation of the permit should be overlooked because if he should now be required to correct the violation and return the sidewalk and stairs to their original condition, it would restrict the use of his property. We find no merit in this argument. Appellant deliberately violated the provisions of the permit and as a result thereof wrongfully infringed on a property right of his neighbors without justification or excuse. The ZHB's decision to uphold the Code Enforcement Officer's directive to rebuild the sidewalk and stairs was reasonable.

The order of the trial court is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marc V. Taiani,                    :
          Appellant          :
                         :   No.  1484 C.D. 2019
         v.                     :
                         :
The Zoning Hearing Board           :
of the Borough of Wilkinsburg      :

## ***ORDER***

AND NOW, this 22nd day of November, 2021, the September 18, 2019 order of the Court of Common Pleas of Allegheny County is hereby AFFIRMED.


_____

PATRICIA A. McCULLOUGH, Judge