**Ronald GULLA and Evelyn Gulla, Appellants,**

v.

**NORTH STRABANE TOWNSHIP and Lindencreek Associates.**

Commonwealth Court of Pennsylvania.

Argued March 14, 1996.

Decided April 9, 1996.

Reargument Denied June 7, 1996.

Peter M. Suwak, for Appellants.

John Patrick Smider, for Appellee, North Strabane Township.

Mary Lyn Drewitz, for Appellee Lindencreek Associates.

Before McGINLEY and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Ronald and Evelyn Gulla appeal from the order of the Court of Common Pleas of Washington County that dismissed their appeal from North Strabane Township's grant of a subdivision approval to Lindencreek Associates. We affirm.

Lindencreek owns approximately nineteen acres of land located in the Township. Lindencreek filed a request for approval to sub- divide its property. On May 25, 1993, the Township granted preliminary approval and on June 28, 1994, granted Lindencreek final subdivision approval.

On July 28, 1994, the Gullas filed a notice of appeal from the Township's subdivision approval. The Gullas alleged that, by deed, they possess an interest in spring water flowing on the Lindencreek property. The Gullas assert that the Township's subdivision approval was invalid because they did not receive notice of the proceedings and the Township did not properly follow the subdivision procedure set forth in the Township's zoning code. The trial court held that Gullas did not have standing to object to the subdivision approval because their claim was based solely on a private right as established by deed. The trial court also held that Gullas' assertion that the subdivision approval process was improper was also without merit.

■ On appeal to this Court,[1] Gullas argue that the trial court erred in granting the subdivision application because the Township failed to follow the two-step process for subdivision approval set forth in the zoning ordinance and because their easement right to a spring on the Lindencreek property was not recorded on the subdivision plan.

■ The gravamen of Gullas' complaint is that, by deed, they have been granted an interest in spring water flowing on the Lindencreek property. Gullas assert that this fact entitled them to notice of the subdivision proceedings to allow them to assert their claim before the Township and thus, modify the subdivision plan to locate and reflect those rights. However, the law in this Commonwealth is that enforcement of private rights has no application in a zoning dispute. *Michener Appeal,* 382 Pa. 401, 115 A.2d 367 (1955). If such covenants are violated, the remedy is enforcement of the restrictions in a court by the persons entitled to enforcement, not by way of zoning proceedings. *County of Fayette v. Cossell,* 60 Pa.Cmwlth. 202, 430 A.2d 1226 (1981). Courts, in trying

---

1. Because the trial court received no additional evidence, our scope of review is to determine whether there was an abuse of discretion, errors of law were made, or findings of fact were not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

zoning cases, ordinarily exclude evidence of private restrictions and, in trying a private restriction case, will exclude evidence of zoning on grounds of immateriality. Zoning laws are enacted under the police power and interest of public health, safety and welfare; there is no concern whatever with building or use restrictions contained in instruments of title and which are created merely by private contracts. *Michener Appeal.*

▉ Lindencreek demonstrated to the trial court its right to subdivide the real estate. An application for a subdivision plan which conforms to all the technical requirements of relevant ordinances cannot be denied based on deed restrictions. *Anderson v. Board of Supervisors of Price Township,* 63 Pa.Cmwlth. 335, 437 A.2d 1308 (1981). Thus, we hold that the trial court correctly found that the Gullas did not have standing to appeal the subdivision approval process.

Even if Gullas did have standing, their claim that the Township did not follow the two-step process regarding major subdivisions of land development procedures, is also without merit. The trial court made specific findings of fact that preliminary subdivision was granted in May 1993, and final approval occurred more than one year later. The trial court found nothing in the record, nor do we, that indicated the two-step process was violated by the Township.

▉ Second, the Gullas' assertion that the subdivision plan was improper because their alleged private water rights were not included in the final subdivision plan, relying on Section 403(2)(L) and Section 403(2)(M) of the Subdivision and Land Development Ordinance of the Township is also without merit. Section 403(2)(L) of the ordinance requires the location and widths of "all existing ... easements and rights-of-way, and the purpose for which the easement or rights-of-way have been established" on the final plan. Section 403(2)(M) of the ordinance requires the "location of all ... proposed watercourses ..." on the final plan. However, by definition the Township requires only easements and rights-of-way of a public or quasi-public nature to be considered during this subdivision process. Nothing in the ordinance requires the inclusion of private ease-

ments or existing private water rights on the final plan but most importantly the Township is not permitted to consider the private rights of individuals before granting subdivision approval. *See Gossman v. Lower Chanceford Township Board of Supervisors,* 503 Pa. 392, 469 A.2d 996 (1983). Gullas' argument that their easement is quasi-public based upon the Department of Environmental Resources' regulation for sewer plan revision modules is strained, at most. Therefore, we hold that the trial court did not err in affirming the decision of the Township granting subdivision to Lindencreek Associates.

Accordingly, we affirm.

### ORDER

AND NOW, this 9th day of April, 1996, the order of the Court of Common Pleas of Washington County in the above-captioned matter is hereby affirmed.

