| | | |
|---|---|---|
| In Re: Appeal of Towamencin Sumneytown Pike, LLC of the Decisions of the Board of Supervisors of Towamencin Township Dated May 20, 2020 | : : : : : : : | |
| Appeal of: Towamencin Sumneytown Pike, LLC | : : : | No. 1267 C.D. 2020 |
| In Re: Appeal of Towamencin Sumneytown Pike, LLC of the Decisions of the Board of Supervisors of Towamencin Township Dated May 20, 2020 | : : : : : : : | |
| Appeal of: Board of Supervisors of Towamencin Township | : : | No. 1270 C.D. 2020 Argued: November 18, 2021 |

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE ELLEN CEISLER, Judge

OPINION
BY JUDGE FIZZANO CANNON            FILED: April 1, 2022

Towamencin Sumneytown Pike, LLC (Developer) and the Board of Supervisors of Towamencin Township (Board) cross-appeal from the November 9, 2020 Order of the Court of Common Pleas of Montgomery County (trial court) granting in part and denying in part Developer's appeal of the Board's May 20, 2020 Decision and Order (Board Decision) regarding Developer's substantive validity

challenge to Towamencin Township's Zoning Ordinance. Upon review, we affirm the trial court's November 9, 2020 Order, in part, and dismiss Developer's appeal as moot, and remand the matter to the Board for further proceedings.

## I. Background and Procedural Posture

Developer owns two contiguous parcels of land in Towamencin Township's (Township) Village Commercial Zoning District. *See* Trial Court Opinion dated January 21, 2021 (Trial Court Opinion), at 1; *see also* Reproduced Record (R.R.) at 655a. Developer is the legal owner of the first parcel, located at 1685 Sumneytown Pike in Township (Sumneytown Parcel),[1] and the equitable owner of the second parcel, located at 1401 Forty Foot Road in Township (Forty Foot Parcel)[2] (collectively, the Property). *See id.* The Sumneytown Parcel, which contains a Lukoil gas station, is located at the intersection of Forty Foot Road and Sumneytown Pike and has frontage on both roads. *See id.* The Forty Foot Parcel is located to the direct north[3] of the Sumneytown Parcel, contains a Wawa convenience store, a restaurant, and some offices, and fronts only Forty Foot Road. *See id.* A third relevant parcel (PSDC Parcel) is owned by the Philadelphia Suburban Development Corporation (PSDC) and is located directly east of the Sumneytown

---

[1] Montgomery County Tax Parcel Number 53-00-08084-008. *See* Trial Court Opinion dated January 21, 2021 (Trial Court Opinion), at 1.

[2] Montgomery County Tax Parcel Number 53-00-02890-009. *See* Trial Court Opinion at 1.

[3] Technically, Forty Foot Road runs approximately north-northeast from the intersection of Forty Foot Road and Sumneytown Pike, whereas Sumneytown Pike runs approximately east-southeast from the same intersection. *See* Reproduced Record (R.R.) at 655a. For ease of reference, in this opinion the Court will treat Forty Foot Road as running directly north-south from the intersection of Forty Foot Road and Sumneytown Pike, and Sumneytown Pike as running directly in the west-east direction from the intersection.

Parcel at 1675 Sumneytown Pike. *See id.* Like the Sumneytown Parcel, the neighboring PSDC Parcel also fronts Sumneytown Pike. *See id.*[4]

Vehicular access to the Sumneytown Parcel and the Forty Foot Parcel consists, in part, of two access driveways located within two established easements created by written agreement between the owner of the Forty Foot Parcel and the PSDC Parcel. *See* Trial Court Opinion at 2; *see also* R.R. at 655a. The driveway accessing Forty Foot Road is located within a 35-foot-wide rectangular easement that runs the length of the southern end of the Forty Foot Parcel (Forty Foot Road Easement) and abuts both the Sumneytown and PSDC Parcels to the south and Forty Foot Road to the west.[5] *See id.* The Sumneytown Parcel driveway is located within a 40-foot-wide rectangular easement formed out of the western edge of the PSDC Parcel (Sumneytown Easement) that abuts the Sumneytown Parcel to the west and runs perpendicular to the Forty Foot Road Easement in a north-south direction between the Forty Foot Road Easement and Sumneytown Pike.[6] *See id.*; *see also* Recorded Easement dated Nov. 13, 1989, R.R. at 1505a-12a. The Sumneytown Easement provides Developer with ingress/egress rights. *See* Trial Court Opinion at 2; *see also* R.R. at 655a; Recorded Easement dated Nov. 13, 1989, R.R. at 1505a-12a.

---

[4] The Reproduced Record includes a map of the area in question that includes the Property, the adjoining streets, the easements involved, and the PSDC Parcel. *See* R.R. at 655a. Developer has also included a helpful copy of the map as part of its brief that illustrates and separates by color the various parcels and easements involved. *See* Developer's Br. at 8.

[5] With respect to the Forty Foot Road Easement, the Forty Foot Parcel is the servient tenement or burdened property, whereas the PSDC Parcel is the dominant tenement or benefitted property. *See* Trial Court Opinion at 2; *see also* R.R. at 655a.

[6] With respect to the Sumneytown Easement, both the Forty Foot Parcel and the Sumneytown Parcel are dominant tenements, and the PSDC Parcel is the servient tenement. *See* Trial Court Opinion at 2; *see also* R.R. at 655a.

3

On June 28, 2019, Developer filed its Application to Towamencin Township for Preliminary/Final Land Development Approval (Application) seeking to consolidate the Sumneytown Parcel and the Forty Foot Parcel, demolish all existing structures thereon, and construct a new Wawa convenience store with fuel dispensing facilities and associated appurtenances, including exterior lighting, landscaping, parking, and stormwater management facilities. *See* Trial Court Opinion at 1-2; *see also* Board Decision at 1. The Application did not require zoning relief. *See* Trial Court Opinion at 2. Importantly, it is undisputed in this matter that the Developer has all necessary property interests, equitable or otherwise, including easement interests, necessary to develop the Property.[7]

Upon review of the Application and multiple revisions thereto, Township's Planning Commission (Planning Commission) identified Section 153-619 of the Towamencin Township Zoning Ordinance (Zoning Ordinance), which requires the written consent of a private easement owner before anything can be placed within a private easement,[8] as a "zoning issue" that must be satisfied. *See*

---

[7] At argument, counsel for the Board conceded that Developer has all necessary property interests to develop the Property through existing access easements, stressing that the issue involved in the instant matter instead was whether Developer had complied with the additional requirement contained in Section 153-619 of the Zoning Ordinance by attaining written consent from private easement holders.

[8] Specifically, Zoning Ordinance Section 153-619, entitled "Setbacks from and restrictions within easements," provides, in relevant part:

> Nothing shall be permitted to be placed, planted, set or put within the area of any public or private right-of-way or easement including, but not necessarily limited to, a utility easement, a drainage easement, a sanitary sewer easement, a stormwater management easement, a snow storage easement or a pedestrian easement without written consent from the owner of the easement.

Zoning Ordinance § 153-619(A), R.R. at 265a.

4

Trial Court Opinion at 2. The Planning Commission recommended preliminary/final approval of the Application, subject to the resolution of the alleged deficiency presented by the easement written consent issue. *See id.*

On January 17, 2020, Developer filed a substantive validity challenge to Zoning Ordinance Section 153-619 (Substantive Validity Challenge) with the Board.[9] *See* Trial Court Opinion at 2. Therein, Developer alleged that municipalities may not consider private property rights, including easement rights, in determining land development approval applications. *See id.* Instead, Developer alleged that private civil lawsuits represent the proper vehicle to adjudicate claims of private easement rights infringement. *See id.* In addition to the Substantive Validity Challenge, Developer proposed a curative amendment to Section 153-619 of the Zoning Ordinance (Curative Amendment) that removed reference to private easements.[10] *See id.*; *see also* R.R. at 1402a-03a.

---

[9] Substantive validity challenges to zoning ordinances are filed with zoning hearing boards. *See* Section 909.1(a) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, added by Act of Dec. 21, 1988, P.L. 1329, 53 P.S. § 10909.1(a) (zoning hearing boards have exclusive jurisdiction to hear and render final adjudications in substantive challenges to the validity of any land use ordinance).

[10] As our Supreme Court has explained:

> In general, Section 916.1 [of the MPC, added by the Act of December 21, 1998, P.L. 1329,] provides that an aggrieved landowner has two options in terms of where to file its challenge, depending on whether the landowner wants to propose a curative ordinance. The first option is to challenge the validity of the ordinance without proposing a cure. This "validity challenge" is filed with the zoning hearing board. 53 P.S. § 10916.1(a)(1); *see also* 53 P.S. § 10909.1(a)(1) (zoning hearing board has exclusive jurisdiction over such challenges). The second option is to attack the existing ordinance and also to propose a cure. This "cure challenge" is filed with the relevant "governing body." 53 P.S. § 10916.1(a)(2); *see also* 53 P.S. § 10909.1(b)(4) ("governing body" has exclusive jurisdiction over such cure challenges).

Following a hearing conducted on February 26, 2020, the Board denied the Substantive Validity Challenge and declined to adopt the Curative Amendment. *See* Trial Court Opinion at 3. However, the Board did conditionally approve the preliminary/final plans contained in the Application by issuing Resolution 20-22 and Resolution 20-23 (collectively, the Approval Resolutions), which granted conditional preliminary and conditional final land development approval, respectively. *See* Trial Court Opinion at 3; *see also* Approval Resolutions, R.R. at 1438a-1449a. The Approval Resolutions conditioned the preliminary and final approval of the Application on, *inter alia*, compliance with Zoning Ordinance Sections 153-619, 153.410.F.1, and 153-608, and the installation of certain parking lot lighting fixtures.[11] *See* Trial Court Opinion at 3; *see also* Conditions 9 & 11, Resolution 20-22 at 3-4 (pagination supplied), R.R. at 1441a-42a; Conditions 10 & 12, Resolution 20-23 at 3-4 (pagination supplied), R.R. at 1447a-48a.[12] The

*Piper Grp., Inc. v. Bedminster Twp. Bd. of Supervisors*, 30 A.3d 1083, 1086 n.4 (Pa. 2011). Further, Section 609.1 of the MPC, added by the Act of June 1, 1972, P.L. 333, 53 P.S. § 10609.1, entitled "Procedure for landowner curative amendments," provides that, in cases of meritorious validity challenges, governmental bodies "may accept a landowner's curative amendment, with or without revision, or may adopt an alternative amendment which will cure the challenged defects." 53 P.S. § 10609.1(c).

[11] The parking light fixtures condition does not form part of this appeal.

[12] Specifically, the Resolutions 20-22 and 20-23 required:

Proof of compliance with the following requirements of the Zoning Ordinance:

a. [Zoning Ordinance] Section 153-619 with regard to the requirement that nothing be permitted to be placed, planted, set or put within the area of any public or private right-of-way or easement without written consent from the owner of the easement and the proposed improvements within both the on and off site access easements.

6

Approval Resolutions also included a requirement that Developer accept the conditions for preliminary and final land development approval in writing. *See* Trial Court Opinion at 3; *see also* Resolution 20-22 at 5, R.R. at 1443a; Resolution 20-23 at 5, R.R. at 1448a. A failure to comply with this condition of written acceptance would be deemed a denial of the conditions of the Approval Resolutions, and thus a denial of the Application.[13] Trial Court Opinion at 3; *see also* Resolution 20-22 at

---

> b. [Zoning Ordinance] Section 153-410.F.1 with regard to the required driveway width of 30 [feet] for the Sumneytown Pike access driveway. Applicant has suggested that the existing condition is permitted to remain as the continuance of a legal Nonconforming Use. Proof thereof must be provided.
>
> c. [Zoning Ordinance] Section 153-608 with regard to providing information on plans regarding any existing deed restrictions that could potentially impact the proposed subdivision/land development.
>
> . . . .
>
> Applicant shall install parking lot lighting fixtures consistent with [the] Towamencin Land Use and Design Manual[.]

Conditions 9 & 11, Resolution 20-22 at 3-4, R.R. at 1441a-42a; Conditions 10 & 12, Resolution 20-23 at 3-4, R.R. at 1447a-48a.

[13] This acceptance requirement and statement of consequences, the same in both of the Approval Resolutions, stated:

> This approval is further conditioned upon the acceptance of the conditions contained herein by [Developer] and his/her signifying his/her acceptance of these conditions by signing a copy of this Resolution and returning it to the Township.
>
> In the event that said execution of the [R]esolution is not delivered to the Township office by noon, June 3, 2020, it shall be deemed that [Developer] does not accept these conditions and any approvals conditioned upon their acceptance of the conditions are revoked and

5, R.R. at 1443a; Resolution 20-23 at 5, R.R. at 1448a. Ultimately, Developer did not accept the conditions in writing, and the Application was accordingly deemed denied. *See* Trial Court Opinion at 3.

On June 17, 2020, Developer filed a Notice of Land Use Appeal (Land Use Appeal) in the trial court. *See* Trial Court Opinion at 3; *see also generally* Land Use Appeal, R.R. at 3a-74a. In the Land Use Appeal, Developer challenged the Board's denial of the Substantive Validity Challenge and refusal to adopt the Curative Amendment. *See id.* Developer also challenged the imposition of the Approval Resolutions conditions that Developer provide proof of compliance with Zoning Ordinance Sections 153-410.F.1 and 153-608, as well as the Board's subsequent denial of the Application based on the deemed denial of the conditions resulting from Developer's refusal to accept the same in writing. *See* Trial Court Opinion at 3; *see also* Land Use Appeal at 1-12, R.R. at 4a-15a.

The trial court heard oral argument on November 9, 2020. *See* Trial Court Opinion at 3. Thereafter, on the same day, the trial court granted, in part, and denied, in part, the Land Use Appeal. *See* Trial Court Opinion at 3; *see also* Trial Court Order dated November 9, 2020 (Trial Court Order). The trial court reversed the Board's denial of the Substantive Validity Challenge and consequently struck Zoning Ordinance Section 153-619 as invalid. *See* Trial Court Opinion at 3; *see also* Trial Court Order at 1 (pagination supplied). As a result, the trial court granted the Land Use Appeal's request to strike the requirement of written acceptance of the conditions contained in the Approval Resolutions pertaining to compliance with

the [A]pplication shall be considered denied for the reasons set forth above as authorized in Section 508 of the [MPC].

Resolution 20-22 at 5, R.R. at 1443a; Resolution 20-23 at 5, R.R. at 1448a.

8

Zoning Ordinance Section 153-619. *See* Trial Court Opinion at 3; *see also* Trial Court Order at 1. The trial court determined that it lacked authority to instruct Township to adopt the Curative Amendment, however, and therefore made no determination thereon. *See* Trial Court Opinion at 3, n.3; *see also* Trial Court Order at 1, n.1. Additionally, the trial court granted Developer's challenge to the requirement that it provide proof of compliance with respect to Zoning Ordinance Section 153-619. *See* Trial Court Opinion at 3; *see also* Trial Court Order at 2. The trial court denied, however, Developer's request to strike (1) the portion of the Approval Resolutions requiring that Developer provide proof of the existing width of the 26-foot Sumneytown Pike driveway pursuant to Zoning Ordinance Section 153-410.F.1, and (2) the portion of the Approval Resolutions requiring proof of applicable deed restrictions pursuant to Zoning Ordinance Section 153-608. *See* Trial Court Opinion at 3-4; *see also* Trial Court Order at 2. Finally, the trial court granted the Land Use Appeal's request to strike the condition of the Approval Resolutions requiring Developer to install certain parking lot lighting fixtures based on the Board's admission at oral argument that no Zoning Ordinance provision allowed for the implementation of this condition. *See* Trial Court Opinion at 4; Trial Court Order at 2. The Board and Developer each filed timely notices of appeal to this Court on December 3, 2020, and December 7, 2020, respectively. *See* Trial Court Opinion at 4.

## II. Issues

On appeal,[14] the Board claims that Section 153-619, requiring the written consent of the owner of a private easement to development in the easement

---

[14] "Where, as here, the trial court takes no additional evidence, our scope of review is limited to determining whether the [zoning hearing b]oard committed an abuse of discretion or an

9

area, represents a valid and enforceable application of Township's police power and, therefore, the trial court erred by determining that Zoning Ordinance Section 153-619 was invalid.  *See* Board's Br. at 3 & 11-28.[15]  The Board also claims that the

error of law." *425 Prop. Ass'n of Alpha Chi Rho, Inc. v. State Coll. Borough Zoning Hearing Bd.*, 223 A.3d 300, 307 (Pa. Cmwlth. 2019), *appeal denied*, 236 A.3d 1047 (Pa. 2020).  "The zoning hearing board abuses its discretion when it issues findings of fact that are not supported by substantial record evidence[.]"  *In re Bartkowski Inv. Grp., Inc.*, 106 A.3d 230, 237–38 (Pa. Cmwlth. 2014).

> Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion.  The [z]oning [h]earing [b]oard as fact finder is the ultimate judge of credibility and resolves all conflicts in the evidence.  If the [z]oning [h]earing [b]oard's findings of fact are based upon substantial evidence, those findings of fact are binding upon this Court for purposes of appellate review.

*Id.* at 238.

[15] The Board states its claim as two separate issues thusly:

> 1. Section 153-619 of the Towamencin Township Zoning Ordinance is a constitutional, valid, and enforceable application of [] Township's police power under Pennsylvania [l]aw.  Did the [t]rial [c]ourt abuse its discretion and commit an error of law in granting [Developer's] substantive validity challenge to Section 153-619[?]

> 2. Section 153-619 of the Towamencin Township Zoning Ordinance is a constitutional, valid, and enforceable application of [] Township's police power under Pennsylvania [l]aw.  Therefore, conditions to land development approvals which require proof of compliance with this Section are valid and enforceable under Pennsylvania law.  Did the [t]rial [c]ourt abuse its discretion and commit an error of law in striking Preliminary Subdivision/Land Development Approval Condition 9.a[] and Final Subdivision/Land Development Approval Condition 10.a[,] both of which require compliance with Section 153-619 of the Towamencin Township Zoning Ordinance[?]

Board's Br. at 3.  While arguably distinct, because each claim depends on the validity of Zoning Ordinance Section 153-619, we treat them as one issue for purposes of our discussion herein.

10

conditions imposed by the Board in the Approval Resolutions are valid and based in Township's Subdivision and Land Development Ordinance. *See* Board's Br. at 3 & 28-33.

Developer also raises two claims on appeal. First, Developer claims that the trial court erred by denying its appeal of the Approval Resolutions to the extent they required it to show compliance with Zoning Ordinance Section 153-410.F.1 by proving that the 26-foot width of the Sumneytown Pike driveway access is an existing nonconforming use.[16] *See* Developer's Br. at 5 & 21-29. Developer argues that Zoning Ordinance Section 153-410.F.1 requires no such proof and, despite this fact, Developer provided adequate proof evidencing the 26-foot width of the Sumneytown Pike driveway access that has existed in continual use for decades. *See id.* Second, Developer claims that the trial court erred by denying its appeal of the Approval Resolutions to the extent they imposed a requirement that Developer provide proof of compliance with Zoning Ordinance Section 153-608, which requires that all deed restrictions appear on development plans.[17] *See* Developer's Br. at 5 & 30-35. Developer contends that all deed restrictions appeared on the development plans it submitted and Township failed to identify what deed restrictions did not appear thereon. *See id.*

### III. Discussion

**A. *The Board Erred by Denying Developer's Substantive Validity Challenge to Zoning Ordinance Section 153-619 and Challenge to the Board's Approval Condition that Developer Comply with Zoning Ordinance Section 153-619.***

---

[16] *See* Preliminary Approval Condition 9(b) & Final Approval Condition 10(b).

[17] *See* Preliminary Approval Condition 9(c) & Final Approval Condition 10(c).

11

We first address the Board's arguments that Zoning Ordinance Section 153-619 is valid and enforceable as an appropriate application of Township's police power and that, therefore, the condition imposed under the Approval Resolutions requiring Developer to produce written approval of all easement owners pursuant to Section 153-619 is likewise valid. *See* Board's Br. at 11-30. We do not agree.

Zoning Ordinance Section 153-619 provides, in pertinent part:

> Nothing shall be permitted to be placed, planted, set or put within the area of any public or private right-of-way or easement including, but not necessarily limited to, a utility easement, a sanitary sewer easement, a stormwater management easement, a snow storage or a pedestrian easement *without written consent from the owner of the easement*.

Zoning Ordinance § 153-619(A) (emphasis added).

The Board interprets "owner of the easement" as the "dominant estate," the "easement holder," or the "grantee" of the easement. *See* Board's Br. at 28. We reiterate, there is no dispute that Developer has all legal property interests necessary for the development, including any required easements. Following the Board's interpretation of Zoning Ordinance Section 153-619, the current easement holder – the one with the right of ingress and egress pursuant to the easement – would have to provide written consent to the development in addition to Developer having already established all required legal and equitable interests for the development. In other words, the Board does not dispute that Developer has a right to develop the property in accordance with the plan that contains the subject easements, but would like those that have a right to use the easement to consent to the development.

The easement holder of the Sumneytown Pike Easement is the owner/equitable owner of the Forty Foot Parcel and the Sumneytown Parcel, both of

12

which are part of the proposed development.  This means that Developer, which has title/equitable title to the parcels that are benefitted by this easement, and therefore title/equitable title to easement rights that run with those properties, would need to provide written consent from itself.  However, the easement holder of the Forty Foot Parcel is the owner of the PSDC Parcel and, therefore, Zoning Ordinance Section 153-619 requires the written consent of the owner of the PSDC Parcel as a condition of land development approval, despite Developer having established that it possesses all necessary legal and equitable property interests to develop the property in accordance with the proposed plan without such consent and, in the absence, of any requirement of the easement itself for such consent.

Initially, as this Court has explained:

Zoning, as an exercise of police power, "is permitted when exercised for the promotion of the health, safety, morals or general welfare of the community." *Nat'l Land & Inv. Co. v. Kohn*, [] 215 A.2d 597, 602 ([Pa.] 1965).  "Regulations adopted pursuant to that power must not be unreasonable, arbitrary or confiscatory." *Id.* at 607.  Further, zoning legislation must benefit the public welfare, and may not be employed to effectuate purely private preferences.  *See id.* at 611 (property owners' desire to look out over open land as opposed to other houses, while understandable and quite natural, represents a private desire that does not rise to the level of public welfare).

*Southpointe Golf Club, Inc. v. Bd. of Supervisors of Cecil Twp.*, 250 A.3d 495, 503 (Pa. Cmwlth. 2021), *reargument denied* (Apr. 12, 2021).

Furthermore,

[u]nder the MPC, the power to legislate zoning is reserved to municipalities' governing bodies.  *See Haverford Twp. v. Zoning Hearing Bd. of Haverford Twp.*, [] 344 A.2d

13

758, 761 ([Pa. Cmwlth.] 1975) ("rezoning is a purely legislative function reserved to the governing body under section 601 of the MPC"). The MPC does not contain any provision authorizing municipalities to delegate their zoning powers. *See generally* MPC.

*Southpointe Golf Club*, 250 A.3d at 503. Our Supreme Court has explained the general prohibition against the delegation of a municipality's zoning power as follows:

> When zoning ordinances are sustained, it is on the theory that the police power of the state has been properly exercised by the municipal authorities to which it was delegated. Police power cannot be exercised by any group or body of individuals who do not possess legislative power[.] . . . [A] group of citizens do not and cannot possess such power. When a municipal ordinance commits the exertion of the police power to the option of individuals to determine whether the use of property for a purely lawful purpose offends health, safety, or welfare, such ordinance violates the fundamental principles of police power. So-called consent ordinances in zoning legislation are of this type, and have generally been declared unconstitutional[.] . . .

> Where an ordinance shows that a use is not opposed to public health, safety, morals, or general welfare, or is not a nuisance, and is in harmony with [the] public interest and the general scope of the zoning ordinance, but the consent of a given set of individuals must be procured before land may be devoted to such use, the . . . consent provision is an unlawful delegation of legislative authority and discretion, with no rule or standard to guide those whose decision will control. It is not possible to check or correct the acts of the persons who may or may not consent; consent or refusal may be the result of favoritism, caprice, or malice, and no responsibility can be placed on those who act in the matter.

14

*Appeal of Perrin*, 156 A. 305, 306-07 (Pa. 1931) (citing *Washington ex rel. Seattle Title Tr. Co. v. Roberge*, 278 U.S. 116 (1928)).[18]

The recent analogous case of *Southpointe Golf Club* provides an instructive application of the general rule against the delegation of municipal zoning power to third parties. In *Southpointe Golf Club*, a zoning ordinance provision contained a consent provision whereby a local board of supervisors would waive an otherwise applicable review standard for certain applications to change land use where all adjacent landowners consented to the change, which consent was fully revokable by the adjacent landowners at any time. *See generally Southpointe Golf Club*. This Court determined that such a consent provision placed the authority of the government body – the board of supervisors – to waive certain review standards into the hands of a nongovernmental body – the adjacent landowners. *See id.* at 507. The Court found that the placement of this "unfettered power to decide whether the [b]oard of [s]upervisors will have the option of waiving the applicable review standards in considering a zoning application" "allow[ed] the adjacent landowners to determine whether one law or another should apply to a particular proposed use, without any of the fundamental limitations that our Supreme Court has deemed necessary." *Id.* Thus, the Court found that the consent provision in the zoning ordinance represented an impermissible delegation of zoning authority. *See id.* at 508.

By its plain language, Zoning Ordinance Section 153-619 requires a zoning applicant to obtain the written consent of a private third party prior to

---

[18] For a detailed discussion of the delegation of zoning authority, *see Southpointe Golf Club, Inc. v. Board of Supervisors of Cecil Township*, 250 A.3d 495, 503-06 (Pa. Cmwlth. 2021), *reargument denied* (Apr. 12, 2021).

approval of a zoning application. This requirement, therefore, injects private preferences and concerns into municipal zoning determinations. Such considerations are immaterial to zoning determinations and are properly litigated in a court of law, if necessary, as opposed to a zoning application.[19] *See Southpointe Golf Club*; *see also Appeal of Michener*, 115 A.2d 367, 369-70 (Pa. 1955) (noting zoning and private restrictions are unrelated, and that private restrictions are properly enforced by injunction or an action for damages); *Gulla v. North Strabane Twp.*, 676 A.2d 709, 710 (Pa. Cmwlth. 1996) (noting that enforcement of private rights has no application in a zoning dispute).

The impact of the consent provision contained in Zoning Ordinance Section 153-619 is to ultimately place zoning determinations into the hands of third-party easement owners. By requiring applicants to seek the consent of these third-party, nongovernmental actors, Section 153-619 delegates zoning authority to those nongovernmental actors. Simply put, Pennsylvania law does not allow such a delegation of zoning authority to a nongovernmental entity, and the Board erred in determining otherwise. *See Appeal of Perrin*; *Southpointe Golf Club*. Accordingly, the Board committed an error of law by denying the Substantive Validity Challenge and imposing a condition on the approval of the Application requiring compliance with Section 153-619, and the trial court properly reversed the Board's determination. However, because the Board declined to adopt the Curative

---

[19] We note that Developer did litigate a quiet title/declaratory judgment action against PSDC concerning the easements involved in this matter wherein the Court of Common Pleas of Montgomery County determined that the PSDC Parcel is subject to the Sumneytown Easement, which may be used by Developer for its proposed development, and also that the proposed development does not overburden PSDC's rights in the Forty Foot Easement. *See Towamencin Sumneytown Pike, LLC v. Philadelphia-Suburban Development Corporation* (Montgomery County Court of Common Pleas Docket No. 2018-20640, filed Mar. 25, 2021), slip opinion at 21-22, a copy of which decision is attached as Exhibit F to Developer's Brief.

16

Amendment based on its incorrect denial of the Substantive Validity Challenge and the trial court thereafter determined that it lacked authority to direct the Board to take specific legislative action in reference to the proposed Curative Amendment, we must remand the matter to the Board to reconsider the Curative Amendment in light of our determination herein. *See* 53 P.S. § 10609.1.

**B.** ***Developer's Claims Regarding the Propriety of the Board Conditioning Approval of the Application on Compliance with Other Sections of the Zoning Ordinance are Moot.***

In addition to the consent of private easement owners contained in Zoning Ordinance Section 153-619, Developer challenges herein the imposition of the conditions contained in the Approval Resolutions based on two other Zoning Ordinance sections. *See* Developer's Br. at 21-35. First, Developer challenges preliminary approval condition 9b and final approval condition 10b, which require compliance with Zoning Ordinance Section 153.410.F.1 requiring minimum driveway widths of 30 feet. *See* Developer's Br. at 21-29. Second, Developer challenges preliminary approval condition 9c and final approval condition 10c, which collectively require Developer to comply with the requirement of Section 153-608 of the Zoning Ordinance that the plans submitted with zoning applications provide information regarding any existing deed restrictions that could possibly impact the proposed development. *See* Developer's Br. at 31-35; *see also* Approval Resolutions at 3; Zoning Ordinance Section 153-608. Developer argues that it has provided adequate proof of compliance with each of these preliminary approval and final approval conditions. *See* Developer's Br. at 22-35.

We note that the Board, through counsel at oral argument on this matter, conceded that Developer has adequately proven compliance with preliminary

17

approval conditions 9b and 9c and final approval conditions 10b and 10c. Because those conditions no longer represent an impediment to the formal approval of the Application or Developer's proceeding thereon, Developer's claims relating to these conditions are now moot and require no consideration by this Court.

## IV. Conclusion

For the foregoing reasons, we affirm the Trial Court Order to the extent it reversed the Board's denial of the Substantive Validity Challenge and imposed a condition that Developer furnish proof of compliance with an approval condition requiring compliance with Section 153-619. Accordingly, we remand this matter to the trial court for further proceedings consistent with this opinion.

We further dismiss as moot Developer's appeal of the Board's imposition of conditions requiring Developer to furnish proof of compliance with approval conditions, including compliance with Sections 153-410.F.1 and 153-608 of the Zoning Ordinance.

_____
CHRISTINE FIZZANO CANNON, Judge

In Re:  Appeal of Towamencin :
Sumneytown Pike, LLC of the :
Decisions of the Board of Supervisors :
of Towamencin Township Dated :
May 20, 2020 :
 :
Appeal of:  Towamencin :
Sumneytown Pike, LLC : No. 1267 C.D. 2020
 :
 :
In Re:  Appeal of Towamencin :
Sumneytown Pike, LLC of the :
Decisions of the Board of Supervisors :
of Towamencin Township Dated :
May 20, 2020 :
 :
In Re:  Appeal of Board of Supervisors :
of Towamencin Township : No. 1270 C.D. 2020

## O R D E R

AND NOW, this 1st day of April, 2022, the November 9, 2020 Order of the Court of Common Pleas of Montgomery County (Trial Court Order) is AFFIRMED to the extent it granted Towamencin Sumneytown Pike, LLC's (Developer) appeal of the Board of Supervisors of Towamencin Township's (Board) May 20, 2020 Decision and Order (Board Decision) regarding Developer's substantive validity challenge to Towamencin Township's Zoning Ordinance Section 153-619.

Developer's appeal of the Board's imposition of conditions requiring Developer to furnish proof of compliance with approval conditions, including

compliance with Sections 153-410.F.1 and 153-608 of the Zoning Ordinance, is DISMISSED as moot.

The matter is REMANDED to the Court of Common Pleas of Montgomery County (trial court) with direction that the trial court further remand to the Board for consideration of Developer's proposed curative amendment.

Jurisdiction relinquished.


_____
CHRISTINE FIZZANO CANNON, Judge